**Rubin ARRIOLA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–99–501–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 5, 2000.

Discretionary Review Refused
April 11, 2001.

Santiago Salinas, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. Criminal Dist. Atty., Chief of the Appellate Section, John A. Stride, David Kleckner, Kelly Loftus, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Before DAUPHINOT, RICHARDS, and HOLMAN, JJ.

**OPINION**

PER CURIAM.

Appellant Rubin Arriola challenges his sentence for aggravated robbery with a deadly weapon on the ground that the trial court applied the incorrect range of punishment. We affirm.

After pleading not guilty to aggravated robbery with a deadly weapon, Appellant was found guilty by a jury. Before punishment, Appellant pled true to an enhancement allegation and to a habitual offender allegation. The trial court admonished Appellant that, as a result of his pleas of true, the range of punishment was a term of not less than twenty-five years and no more than ninety-nine years or life.[1] Appellant understood the

---

1. *See* TEX.PENAL CODE ANN. § 12.32(a) (Vernon 1994), § 12.42(d) (Vernon Supp.2000), § 29.03(b) (Vernon 1994).

consequences of his plea, and the trial court assessed punishment at thirty years' confinement.

In his sole point on appeal, Appellant argues that the trial court applied the incorrect range of punishment because his prior conviction for theft from a person, which was used to bring him within the habitual punishment range, had been reduced to a misdemeanor under section 12.44(b) of the penal code.[2] In the instant case Appellant contends that the proper minimum sentence was, therefore, not twenty-five years, but fifteen years.

Appellant bases his argument on the fact that, although theft from a person was a third degree felony at the time the offense was committed, the trial judge placed him on deferred adjudication community supervision for only one year. Appellant asserts that the "only logical conclusion is that he was placed on probation under Section 12.44(b)" and that the trial judge reduced, not just the punishment, but also the severity of the offense itself to that of a Class A misdemeanor. Appellant argues that had the trial judge not reduced the offense to a Class A misdemeanor, he would have been required to place Appellant on community supervision for at least two years. Appellant is mistaken.

The legislature has provided that when the trial judge finds that the best interest of society and of the defendant will be served, the judge may, after receiving a plea of guilty or of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on community supervision.[3] Although the legislature has provided a maximum length for unadjudicated community supervision, it has provided no mandatory minimum for this type of offense. A trial judge may place a defendant on deferred adjudication community supervision for one year whether the offense is a felony or a misdemeanor. We do not assume that the trial judge reduced Appellant's theft offense from a felony to a misdemeanor solely because of the one-year community supervision. Because the maximum length of supervision for a misdemeanor is two years, even a two-year supervision would not be dispositive of the question as Appellant suggests.[4]

We therefore must look at the judgment and at any other portion of the record that reflects the intent of the trial judge in the theft from a person case. The judgment in that case reflects that on December 7, 1992, the trial judge received Appellant's plea of guilty, deferred an adjudication of guilt, and placed Appellant on probation (now community supervision) for one year. The judgment further reflects the notation: "PUNISHMENT REDUCED TO A CLASS 'A' MISDEMEANOR UNDER ARTICLE 12.44A." On September 23, 1993, the trial judge adjudicated Appellant's guilt and sentenced him to one year's confinement in the Tarrant County Jail.

While section 12.44(b) permits the trial judge to authorize the prosecuting attorney to prosecute a third degree felony (now a state jail felony)[5] as a Class A

---

2. *Id.* § 12.44(b) (Vernon Supp.2000).

3. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a) (Vernon Supp.2000).

4. *See id.*

5. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 31.03(e)(4)(B), 1993 Tex. Gen.Laws 3586, 3636–38 (changing theft from person from third degree felony to state jail felony).

misdemeanor, section 12.44(a) permits the trial judge to punish a defendant convicted of a third degree felony (now a state jail felony) by imposing the confinement permissible as punishment for a Class A misdemeanor.[6] A trial judge, therefore, may either proceed under section 12.44(b) from the time the defendant enters his or her plea or may wait until after adjudication and proceed under section 12.44(a). That is, when the trial judge adjudicates guilt and determines the length of confinement, whether a term of actual incarceration or a period of adjudicated (or regular) community supervision, the trial judge is still free at that point to proceed under section 12.44(a), even though the trial judge had previously placed the defendant on deferred adjudication community supervision.

We hold that the record does not support a finding that the trial judge proceeded under section 12.44(b) in the theft from a person case. The record, however, does support a finding that the trial judge convicted Appellant of a third degree felony and sentenced him under section 12.44(a). Appellant's conviction for theft from a person was properly used to enhance the aggravated robbery conviction. We therefore hold that the trial judge applied the correct range of punishment. We overrule Appellant's sole point on appeal and affirm the trial court's judgment.

---

6. TEX PENAL CODE ANN. § 12.44(a)-(b).