NO. 07-02-0139-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 16, 2003

_____

JODY LEWIS FORTIER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,646-A; HON. DAVID L. GLEASON, PRESIDING

_____

***ON MOTION FOR REHEARING***

_____

Before JOHNSON, C.J., QUINN, J. and BOYD, S.J.*

Pending before the court is the motion of Jody Lewis Fortier, appellant, for rehearing. Appellant questions whether the judgment is void since he was "sentenced . . . pursuant to a first degree offense punishment range even though he was only charged with and found guilty of a second degree felony." We grant the motion for rehearing, reverse that portion of the judgment levying sentence and punishment, and remand the cause for a new punishment hearing.

## *Background*

In reviewing the record, we see that appellant was charged by indictment with burglary of a habitation, a second degree felony. *See* TEX. PENAL CODE §30.02(C)(2). In an attempt to elevate the applicable punishment to that of a first degree felony, the State added two enhancement paragraphs in the charging instrument. One involved a purported conviction for burglary of a building and the other, a conviction for unlawfully using a motor vehicle (UUMV). At the initial plea hearing, the trial court admonished appellant that the crime for which he was indicted constituted a second degree felony and involved a term of imprisonment from two to 20 years. Appellant was also told that if either of the enhancement allegations were found true, the punishment assessed would be that applicable to a felony of the first degree, *i.e.* five to 99 years in prison. Thereafter, the State announced that it was waiving the enhancement paragraph involving the burglary of a building, and appellant then plead true to the UUMV conviction. However, no sentence was levied for the trial court deferred appellant's adjudication of guilt and placed him on community supervision.

Several months lapsed, then the State moved to adjudicate appellant's guilt. A hearing was convened. During the proceeding, the trial court admonished appellant that if his guilt were adjudicated, it could "sentence [him] to the maximum allowed by law for this offense." That maximum, according to the court, consisted of "up to 20 years in prison and a $10,000 fine."[1] Upon being so admonished, appellant pled true to various of the

---

[1]The range mentioned happened to be that applicable to a second degree felony. *See* TEX. PENAL CODE ANN. §12.33 (Vernon 2002).

allegations contained in the State's motion. At that point, the trial court adjudicated him guilty of the "offense of burglary of a habitation *once enhanced* . . . ." (Emphasis added). And, though the prosecution requested that appellant be imprisoned for 25 years (which was a term exceeding the maximum allowable for a second degree felony), the trial court assessed 17 years. Yet, it did so after reiterating that the crime for which he was being punished was "*once enhanced*." (Emphasis added).

### *Discussion*

Appellant argues that the UUMV conviction used as a basis to enhance his punishment involved a state jail felony. As such, it allegedly could not be used for enhancement purposes, and because it was, his sentence was void. We disagree with the proposition that the sentence was void. However, we hold that the trial court committed error in considering it for enhancement purposes.

The crime for which appellant was convicted and sentenced below, *i.e.* burglary of a habitation, was a second degree felony. TEX. PENAL CODE ANN. §30.02(C)(2). Furthermore, the range of punishment applicable to it consisted of imprisonment from two to 20 years plus a fine of up to $10,000. *Id.* at §12.33(a). On the other hand, the range of punishment applicable to a felony of the first degree consisted of a term of imprisonment from five to 99 years plus a fine not to exceed $10,000. *Id.* at §12.32(a). Since the trial court assessed a term of imprisonment of 17 years and a fine of $1500, it is clear that the sentence fell within the range applicable to second degree felonies per §12.33(a). Given that, it did not lack the authority to assess that which it ultimately did, irrespective of whether appellant's punishment was enhanced. And, because we cannot say that the trial

3

court lacked the authority to levy such a sentence, neither the sentence nor the judgment is void. *Nix v. State,* 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); *Heath v. State,* 817 S.W.2d 335, 339 (Tex. Crim. App. 1991) (describing when a sentence is void).

Yet, it is equally clear that the prior conviction which the prosecution intended to use for enhancement purposes, *i.e.* appellant's conviction for UUMV, constituted a state jail felony.[2] TEX. PENAL CODE ANN. §31.07(b). Similarly indisputable is that a state jail felony cannot be used to enhance the punishment generally applicable to a second degree felony to that of a first degree felony. TEX. PENAL CODE ANN. §12.425(d). So, the trial court could not lawfully consider the UUMV conviction to enhance appellant's punishment. Yet, the record discloses that it did. Again, it twice mentioned the phrase "once enhanced" in describing the crime for which it found appellant guilty and intended to punish him. And, given that the State previously waived the other prior conviction mentioned in the indictment, the court could only have been referring to the UUMV conviction when uttering the phrase "once enhanced."

In short, the record discloses that the trial court considered the state jail felony as basis to enhance punishment. This it could not do. Thus, it erred. Moreover, nothing of record provides basis upon which to reasonably infer that the same sentence would have been levied had the UUMV conviction not been considered. Again, the trial court twice alluded to the state jail felony when sentencing appellant, and the prosecution had moments earlier solicited a particular sentence applicable only to a first degree felony.

---

[2]Again, two enhancements were averred in the indictment. The one pertaining to burglary of a building was waived by the prosecutor. The other, pertaining to UUMV, was not.

4

Additionally, the term of imprisonment levied approached the maximum authorized for a second degree felony. Consequently, we are not convinced that the error did not have a substantial and injurious effect or influence on the outcome. So, we cannot find that the trial court's consideration of the state jail felony in enhancing appellant's punishment was harmless under Texas Rule of Appellate Procedure 44.2(b). *Fite v. State*, 60 S.W.3d 314, 320 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (holding that consideration of a state jail felony to enhance punishment was not harmless even though the sentence actually assessed fell within the lawful range).

Accordingly, the motion for rehearing is granted. We withdraw our judgment and the last paragraph of our original opinion wherein we expressly affirmed the trial court's judgment. In its place we declare that the portion of the trial court's judgment sentencing appellant be and is hereby reversed and that the cause be remanded for a new punishment hearing.[3]

Brian Quinn
Justice

Publish.

---

[3]We do not construe our holding as violating *Nix v. State*, 65 S.W.3d 664 (Tex. Crim. App. 2001). The error underlying our decision occurred when the trial court sentenced appellant after adjudicating him guilty and convicting him of burglarizing a habitat. It did not arise at the initial plea hearing.