NO. 07-02-0139-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 10, 2003


______________________________



JODY LEWIS FORTIER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 42,646-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________





On Motion for Rehearing


_______________________________



Before JOHNSON, C.J., QUINN, J. and BOYD, S.J. (1)

 Pending before the court is the rather colorful motion by the State of Texas for
rehearing. (2) Though numerous complaints are raised against the court's opinion of April
16, 2003, we mention several. (3) So too do we overrule the motion.

Background


 The status of the case before us is as follows. Jody Lewis Fortier appealed from
a final judgment adjudicating his guilt for the offense of burglary. We dismissed the cause
for want of jurisdiction. Our reading of the issues presented indicated that they concerned
the voluntariness of the original plea. And, because that topic was not raised via an
appeal immediately after the initial plea hearing, authority prohibited us from considering
them via appeal after appellant's guilt was adjudicated. Nix v. State, 65 S.W.3d 664 (Tex.
Crim. App. 2001); Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999). Thereafter,
appellant moved for rehearing, asserting that the sentence levied after guilt was
adjudicated was void. It was purportedly so because the trial court enhanced his
punishment through the use of a prior conviction for a state jail felony. We ordered the
State to respond to the motion, which it did. Its response, however, focused primarily upon
the issue of jurisdiction to entertain the appeal and the authority of the trial court to initially
grant appellant community supervision. Little to nothing was said about the legality of the
sentence ultimately levied by the trial court after guilt was adjudicated. Upon considering
the arguments of all counsel, we granted the motion for rehearing in part, reversed that
portion of the judgment levying sentence and punishment, and remanded the cause for a
new punishment hearing. (4) Upon our doing so, the State then moved for rehearing. It is
that motion which we now consider.





Ground One


 First, the State asserts that we improperly considered "unassigned error." The error
consisted of our determining whether the trial court could enhance appellant's punishment
through the use of a prior conviction for a state jail felony. This particular issue was
addressed by the State in its initial appellee's brief. To the extent that the State addressed
the topic in that brief, the issue could not logically be "unassigned error."

Ground Two


 Next, the State asserts that an adjudication that a minor engaged in delinquent
conduct constituting a felony (even though the felony was a state jail felony) may, in some
circumstances, be used to enhance punishment. It further cites §12.42(f) of the Texas
Penal Code as support for its proposition. We disagree with the assertion. 

 According to §12.42(f) of the Penal Code, 

 [f]or purposes of Subsections (a)-(c) and (e), an adjudication by a juvenile court under Section 54.03, Family Code, that a child engaged in
delinquent conduct constituting a felony offense for which the child is
committed to the

 Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m), Family 

 Code, or Section 54.05(f), Family Code, is a final felony conviction.

As can be seen from the statute, an adjudication that a youth engaged in felonious conduct
resulting in his commitment to the Youth Commission is deemed a "final felony conviction." 
Yet, effort to consider the "final felony conviction" for enhancement purposes must be done
in conjunction with the requirements of subsections (a) through (c) and (e) of §12.42. 
Indeed, the legislature intended as much when it began §12.42(f) with the phrase "[f]or
purposes of Subsections (a)-(c) and (e)." In other words, and regardless of the conduct
for which the youth had been adjudicated under §54.03 of the Family Code, consideration
of the adjudication for enhancement purposes must still comport with various subsections
of §12.42, and, one of those subsections was and is that which prohibits the use of a state
jail felony for purposes of an enhancement, i.e. §12.42(e). (5) 

 Interpreting the statute otherwise would lead to an end more onerous for youths
than adults. If the State were correct, then in those situations where the accused was an
adult when the state jail felony occurred, the latter could not be used for enhancement
purposes. However, if the identical state jail felony were committed when the accused was
a minor, then it could be used. That is a non-sensical result. Weightman v. State, 975
S.W.2d 621, 623-24 (Tex. Crim. App. 1998) (recognizing that the absurdity of the result
is a factor to consider when interpreting a statute). We opt not to impute to the legislature
an intent to punish children more harshly than adults.

 Finally, the record discloses that the felonious conduct for which appellant was
adjudicated a delinquent involved the unauthorized use of a motor vehicle. Statute
categorizes that offense as a state jail felony. Tex. Penal Code Ann. 31.07(b) (Vernon
2003). Thus, §12.42(e) of the Penal Code barred the trial court from using it to enhance
appellant's punishment. 

Ground Three 


 The State next contends that we should have been more specific in directing it to
the arguments "that ultimately mattered." If we had, it "could have briefed the matters that
directly concerned the court in its response as opposed to directly responding to
appellant's motion for rehearing." We ordered the State to respond to appellant's motion
to facilitate our resolution of the dispute. It is not our duty to tell it how to respond or what
arguments to proffer in attempt to defeat the motion. To do otherwise would be to deviate
from the path of neutrality which we must follow. Plummer v. Reeves, 93 S.W.3d 930, 931
(Tex. App.-Amarillo 2003, pet. denied) (stating that the court must remain neutral and
unbiased).

Ground Four


 Lastly, we are told that we applied the wrong harm analysis. According to the State,
"the appropriate standard is to disregard error as harmless unless substantial rights were
affected. Tex. R. App. P. 44.2(b)." That is, "[i]f the court finds the error did have more than
a slight influence on the verdict, it must be concluded the error affected the defendant's
substantial rights . . . ." (6) 

 In our April 16th opinion, we expressly mentioned Rule 44.2(b) of the appellate rules
of procedure in effort to determine whether any of appellant's substantial rights were
affected. So too did we assess harm by focusing upon the quantum of impact, if any,
which the error had on the trial court's decision. This endeavor comported with that
mandated in Johnson v. State, 43 S.W.3d 1 (Tex. Crim. App. 2001). Therein, the Court
of Criminal Appeals uttered that a "substantial right is affected when the error had a
substantial and injurious effect or influence in determining" the outcome of the proceeding. 
Id. at 4. To the extent we 1) ultimately said that "we are not convinced that the error did
not have a substantial and injurious effect or influence on the outcome" and 2) cited to Fite
v. State, 60 S.W.3d 314 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd) wherein like error
was deemed harmful under Johnson and Rule 44.2(b), we utilized the exact harm analysis
that the State now urges us to apply. (Emphasis added). 

 In sum, none of the State's contentions in its motion for rehearing have merit; so we
overrule them. (7) 

 

 Brian Quinn

 Justice


Publish only Ground Two. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The colors red, white, blue, brown and yellow appear on its cover while the tone of its content is
quite black.
3. The others do not merit comment. 
4. We mistakenly stated in the opinion granting rehearing that we had previously "affirmed the trial
court's judgment" when we actually dismissed the cause for want of jurisdiction. 
5. Section 12.42(e) of the Penal Code states that a "previous conviction for a state jail felony punished
under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)." Tex.
Penal Code Ann. §12.42(e) (Vernon 2003).
6. The passage quoted is taken from the "Brief for the State of Texas," a document to which the State
refers us when explaining the "appropriate" test for harm.
7. We also note that while a litigant should zealously urge its stance, it must not do so to the detriment
of professionalism. See Metzger v. Sebek, 892 S.W.2d 20, 38-39 (Tex. App.-Houston [1st Dist.] 1994, writ
denied) (stating that lawyers not only have the responsibility to conduct themselves with respect for the
tribunal and legal system but also must eschew behavior likely to invoke proper admonishment). This is no
less true for those representing the State in a criminal prosecution. See State ex rel. Eidson v. Edwards, 793
S.W.2d 1, 6-7 (Tex. Crim. App. 1990) (stating that prosecutors are bound by the Rules of Professional
Responsibility). Additionally, motions for rehearing are opportunity to reveal or explain potential error
to the court. Though no one writing style may best facilitate that effort, language which is caustic,
condescending, sarcastic, petty, or like tone only detracts from it. So too does it evince disrespect for the
tribunal and legal system. See Tex. Disciplinary R. Prof'l Conduct, Preamble ¶ 4; Tex. Lawyers Creed--A Mandate for Professionalism, IV, §1, 2, 3, 5, & 7 ( Order of Adoption); Tex. Standards For Appellate
Conduct, The Court's Relationship with Counsel, §1 & 7.