11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Henry
Garcia 

Appellant

Vs.                   No. 11-03-00094-CR B
Appeal from Mitchell County

State
of Texas

Appellee

 

The jury convicted Henry Garcia, upon his plea of
guilty, of possession of cocaine. 
Appellant entered a plea of true to two enhancement paragraphs.  The jury assessed punishment at confinement
for 60 years.  We affirm.

There is no challenge to the sufficiency of the
evidence.  Colorado City Police Officer
Jeff Mitchell saw appellant and another man fighting at a convenience
store.  Officer Mitchell approached the
two men and told them to quit fighting. 
When appellant tried to flee, Officer Mitchell tackled him.  Appellant kicked and tried to bite Officer
Mitchell.  Officer Mitchell eventually
restrained appellant.

Officer Dan Hicks arrived as Officer Mitchell was
placing appellant in Officer Mitchell=s
vehicle.  Officer Hicks removed appellant
from the vehicle and searched him. 
Officer Hicks found a baggie containing over 21 grams of cocaine.  Officer Hicks also saw appellant remove a bag
of marihuana from his pockets while appellant was being processed at the
Mitchell County Jail.

The indictment contained allegations of two prior
convictions for enhancement purposes, a 1989 aggravated assault and a 1987
unauthorized use of a motor vehicle. During the punishment phase, the State
presented evidence of appellant=s
24 prior convictions from 1984 to the date of this offense in 2002 for such
offenses as aggravated assault of a police officer, family violence assault,
resisting arrest, evading arrest, and attempted escape.  The State also presented evidence of two
unadjudicated offenses that occurred incident to arrest.








In his first issue, appellant contends that the
trial court erred in allowing the State to use his 1987 conviction for
unauthorized use of a motor vehicle as an enhancement.  Specifically, appellant argues that Athe offense of unauthorized use of a
motor vehicle is a state jail felony and, as such, cannot be used for
enhancement purposes under Texas Penal Code, Section 12.42.@[1]  Appellant contends that the use of the 1987
conviction violated his equal protection rights under the United States
Constitution and the Constitution of the State of Texas and the prohibition
against ex post facto laws.

            Appellant relies on Fite v. State, 60 S.W.3d 314
(Tex.App. - Houston [14th Dist.] 2001, pet=n
ref=d), to support his argument that his
1987 conviction for unauthorized use of a motor vehicle cannot be used for
enhancement.  Appellant argues that use
of the prior conviction violated his rights under the Equal Protection Clause
of the Texas and United States Constitutions. 
We disagree.  

In Fite, the defendant was charged in 1999
with aggravated robbery, and his sentence was enhanced using a prior conviction
for possession of less than one gram of cocaine.  Fite v. State, supra at 319.  It was undisputed in Fite that the
prior conviction was for a state jail felony. 
The present case is distinguishable. 
It is undisputed that, at the time of appellant=s
conviction,  unauthorized use of a motor
vehicle was a third degree felony. 
Former TEX. PENAL CODE '
31.07(b) (1974).  Effective September 1,
1994, the offense became a state jail felony. 
TEX. PENAL CODE ANN. '
31.07(b) (Vernon 2003).  

When state jail felonies were created, the Texas
Legislature included the following savings provision:

(a) The change in law made by this article
applies only to an offense committed on or after the effective date of this
article.  For purposes of this
section, an offense is committed before the effective date of this article if
any element of the offense occurs before the effective date.

 

(b) An offense committed before the effective date
of this article is covered by the law in effect when the offense was
committed, and the former law is continued in effect for that purpose.    (Emphasis added)

 








Act of May 29, 1993, 73rd Leg., R.S., ch. 900, ' 1.18, 1993 Tex. Gen. Laws 3705.  The savings clause applies to appellant=s 1987 conviction, and the conviction
was properly used as a felony enhancement under Section 12.42(d).  See Wilson v. State, 944 S.W.2d 444
(Tex.App. B Houston
[14th Dist.] 1997), aff=d
on other grounds, 977 S.W.2d 379 (Tex.Cr.App.1998).  

Appellant further argues that the use of his 1987
felony conviction was an ex post facto application of a decriminalized
offense.  We disagree.  

An ex post facto law aggravates a crime or makes
it a greater offense than when it was committed or similarly changes and
inflicts greater punishment than that which was proscribed when the crime was
committed.  Collins v. Youngblood,
497 U.S. 37 (1990); Betancourt v. State, 590 S.W.2d 487, 489
(Tex.Cr.App.1979).  Section 12.42 allows
use of the 1987 conviction to increase punishment for the current offense and
does not aggravate or increase the punishment for the conduct which was the
subject of the 1987 conviction.  
Therefore, using the 1987 conviction (a third degree felony at the time
of commission and conviction) did not violate appellant=s
ex post facto rights.  Appellant=s first issue is overruled.

In his second issue, appellant contends that the
trial court erred in admitting the 24 pen packets from his prior convictions
and evidence of 2 unadjudicated offenses. 
Relying on Grunsfeld v. State, 843 S.W.2d 521, 523
(Tex.Cr.App.1992), appellant contends that this evidence was more prejudicial
than probative and that, therefore, the trial court abused its discretion.  In 1993, the legislature amended TEX. CODE
CRIM. PRO. ANN. art. 37.07, '
3(a) (Vernon Supp. 2004) and deleted the language that the Court of Criminal
Appeals had relied upon in Grunsfeld.[2]  Therefore, the question before this court is
not whether the evidence was prejudicial but whether the evidence was relevant
or helpful to the jury.  Article 37.07,
section 3(a); Sunbury v. State, 88 S.W.3d 229, 235 (Tex.Cr.App.2002); Rogers
v. State, 991 S.W.2d 263, 265 (Tex.Cr.App.1999).  The trial court=s
decision to admit this evidence is reviewed under the abuse of discretion
standard.  Ellison v. State, 86
S.W.3d 226, 227 (Tex.Cr.App.2002); Powell v. State, 63 S.W.3d 435, 438
(Tex.Cr.App.2001).








In Rogers, the court held that a defendant=s prior record is relevant to the jury=s determination as to punishment and
that evidence of a defendant=s
Aprior convictions [is] relevant to
tailor the sentence to the particular defendant.@  Rogers v. State, supra at 265.   The 24 pen packets were relevant, not
remote, and admissible.  Sunbury v.
State, supra; Rogers v. State, supra; Reed v. State, 811
S.W.2d 582 (Tex.Cr.App.1991).  Likewise,
evidence of concurrent unadjudicated offenses was also relevant and
admissible.  Article 37.07, section 3(a);
Fields v. State, 1 S.W.3d 687 (Tex.Cr.App.1999).  The second issue is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

JUSTICE

 

June 10, 2004

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.











[1]TEX. PENAL CODE ANN. ' 12.42
(Vernon Supp. 2004). 





[2]Former Section 3(a) read, in pertinent part: A[E]vidence may, as permitted by the Rules of
Evidence, be offered by the State.@  (Emphasis added)  TEX. CODE CRIM. PRO. art. 37.07, ' 3(a) (2003); Mitchell v. State, 931 S.W.2d 950,
952 (Tex.Cr.App.1996).