NO. 07-05-0060-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2005



______________________________




KIMBERLY DAWN MCGEE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY;



NO. 30301812; HONORABLE JON WISSER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant Kimberly Dawn McGee was granted deferred
adjudication for two years for the offense of credit card abuse. The certification of
defendant's right of appeal signed by the trial court reflects appellant's case is a plea-bargain case with no right of appeal. By letter dated March 14, 2005, this Court notified
appellant's counsel that the certification reflected no right of appeal and requested a
response by April 4, 2005, noting that failure to file an amended certification reflecting a
right of appeal would result in dismissal. See Tex. R. App. P. 25.2(a) & (d); Stowe v. State,
124 S.W.2d 228, 232 (Tex.App.-El Paso 2003, no pet.). Counsel did not respond and no
amended certification has been filed in a supplemental record. Thus, we dismiss the
appeal.

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice

 


Do not publish.



sing a motor
vehicle (UUMV). At the initial plea hearing, the trial court admonished appellant that the
crime for which he was indicted constituted a second degree felony and involved a term
of imprisonment from two to 20 years. Appellant was also told that if either of the
enhancement allegations were found true, the punishment assessed would be that
applicable to a felony of the first degree, i.e. five to 99 years in prison. Thereafter, the
State announced that it was waiving the enhancement paragraph involving the burglary
of a building, and appellant then plead true to the UUMV conviction. However, no
sentence was levied for the trial court deferred appellant's adjudication of guilt and placed
him on community supervision.

 Several months lapsed, then the State moved to adjudicate appellant's guilt. A
hearing was convened. During the proceeding, the trial court admonished appellant that
if his guilt were adjudicated, it could "sentence [him] to the maximum allowed by law for this
offense." That maximum, according to the court, consisted of "up to 20 years in prison and
a $10,000 fine." (1) Upon being so admonished, appellant pled true to various of the
allegations contained in the State's motion. At that point, the trial court adjudicated him
guilty of the "offense of burglary of a habitation once enhanced . . . ." (Emphasis added). 
And, though the prosecution requested that appellant be imprisoned for 25 years (which
was a term exceeding the maximum allowable for a second degree felony), the trial court
assessed 17 years. Yet, it did so after reiterating that the crime for which he was being
punished was "once enhanced." (Emphasis added). 

Discussion


 Appellant argues that the UUMV conviction used as a basis to enhance his
punishment involved a state jail felony. As such, it allegedly could not be used for
enhancement purposes, and because it was, his sentence was void. We disagree with the
proposition that the sentence was void. However, we hold that the trial court committed
error in considering it for enhancement purposes.

 The crime for which appellant was convicted and sentenced below, i.e. burglary of
a habitation, was a second degree felony. Tex. Penal Code Ann. §30.02(c)(2). 
Furthermore, the range of punishment applicable to it consisted of imprisonment from two
to 20 years plus a fine of up to $10,000. Id. at §12.33(a). On the other hand, the range
of punishment applicable to a felony of the first degree consisted of a term of imprisonment
from five to 99 years plus a fine not to exceed $10,000. Id. at §12.32(a). Since the trial
court assessed a term of imprisonment of 17 years and a fine of $1500, it is clear that the
sentence fell within the range applicable to second degree felonies per §12.33(a). Given
that, it did not lack the authority to assess that which it ultimately did, irrespective of
whether appellant's punishment was enhanced. And, because we cannot say that the trial
court lacked the authority to levy such a sentence, neither the sentence nor the judgment
is void. Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Heath v. State, 817
S.W.2d 335, 339 (Tex. Crim. App. 1991) (describing when a sentence is void).

 Yet, it is equally clear that the prior conviction which the prosecution intended to use
for enhancement purposes, i.e. appellant's conviction for UUMV, constituted a state jail
felony. (2) Tex. Penal Code Ann. §31.07(b). Similarly indisputable is that a state jail felony
cannot be used to enhance the punishment generally applicable to a second degree felony
to that of a first degree felony. Tex. Penal Code Ann. §12.425(d). So, the trial court could
not lawfully consider the UUMV conviction to enhance appellant's punishment. Yet, the
record discloses that it did. Again, it twice mentioned the phrase "once enhanced" in
describing the crime for which it found appellant guilty and intended to punish him. And,
given that the State previously waived the other prior conviction mentioned in the
indictment, the court could only have been referring to the UUMV conviction when uttering
the phrase "once enhanced."

 In short, the record discloses that the trial court considered the state jail felony as
basis to enhance punishment. This it could not do. Thus, it erred. Moreover, nothing of
record provides basis upon which to reasonably infer that the same sentence would have
been levied had the UUMV conviction not been considered. Again, the trial court twice
alluded to the state jail felony when sentencing appellant, and the prosecution had
moments earlier solicited a particular sentence applicable only to a first degree felony. 
Additionally, the term of imprisonment levied approached the maximum authorized for a
second degree felony. Consequently, we are not convinced that the error did not have a
substantial and injurious effect or influence on the outcome. So, we cannot find that the
trial court's consideration of the state jail felony in enhancing appellant's punishment was
harmless under Texas Rule of Appellate Procedure 44.2(b). Fite v. State, 60 S.W.3d 314,
320 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (holding that consideration of a state
jail felony to enhance punishment was not harmless even though the sentence actually
assessed fell within the lawful range). 

 Accordingly, the motion for rehearing is granted. We withdraw our judgment and
the last paragraph of our original opinion wherein we expressly affirmed the trial court's
judgment. In its place we declare that the portion of the trial court's judgment sentencing
appellant be and is hereby reversed and that the cause be remanded for a new
punishment hearing. (3) 

 

 Brian Quinn

 Justice


 

Publish. 
1. The range mentioned happened to be that applicable to a second degree felony. See Tex. Penal
Code Ann. §12.33 (Vernon 2002).
2. Again, two enhancements were averred in the indictment. The one pertaining to burglary of a
building was waived by the prosecutor. The other, pertaining to UUMV, was not.
3. We do not construe our holding as violating Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001). 
The error underlying our decision occurred when the trial court sentenced appellant after adjudicating him
guilty and convicting him of burglarizing a habitat. It did not arise at the initial plea hearing.