**UNITED STATES of America, Plaintiff**

v.

**Brent BATTIN, Defendant.**

**No. SA–05–CR–609–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 20, 2006.

R. Clark Adams, Federal Public Defender, San Antonio, TX, for Defendant.

Gerald H. Matheny, U. S. Attorneys Special Assistant United States Attorney, San Antonio, TX, for Plaintiff.

## ORDER

GARCIA, District Judge.

Pending before the Court is Defendant Brent Battin's Motion to Dismiss. The Government has filed a response, and Defendant has also filed a reply. After reviewing the record and the applicable law, the Court finds that Defendant's motion should be denied.

In the sole court in the indictment, Defendant is charged with a violation of 18 U.S.C. § 922(g), possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year. A "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). In his motion, Defendant contends that the prior conviction relied upon by the Government is not a crime punishable by imprisonment for a term exceeding one year.[1]

In January 2004, Defendant was charged with Felony Evading Arrest, which is classified as a State jail felony. Tex. Penal Code Ann. § 38.04(b)(1) (Vernon 2003). An individual adjudged guilty of a State jail felony "shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35(a) (Vernon 2003). However, "[a] court *may* punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice." Tex. Penal Code Ann. § 12.44(a) (Vernon Supp.2005) (emphasis added).[2]

In March 2004, Defendant pled guilty to the offense as charged, but the State judge elected to impose punishment at the Class A misdemeanor level. Thus, the actual punishment he received was 180 days confinement in the county jail. Defendant now contends that he "could not have been punished by more than one year in jail," and his prior conviction cannot serve as the basis for the current charge against him. Having reviewed the applicable law, the Court must disagree.

Under section 12.44(a), the State judge has the *option* to impose a term of confinement at the Class A misdemeanor level; however, the imposition of the lesser sentence is *discretionary* and the offense for which the defendant is convicted *does not* change. *See* George E. Dix and Robert O. Dawson, *Criminal Practice and Procedure*, 40 Tex. Criminal Practice & Procedure § 1.26 (2d Ed.2004) ("In 1989, the legislature amended Section 12.44 to change its entire approach. Under the

---

1. Defendant's criminal history includes: (1) a one year term of deferred adjudication for unauthorized use of a motor vehicle; and (2) a conviction for felony evading arrest. Defendant successfully completed his term of probation under deferred adjudication, and that charge was dismissed without final conviction. The Government does not dispute that the dismissed charge cannot serve as a predicate for a charge under section 922(g)(1). However, the Government does oppose Defendant's argument regarding the felony conviction.

2. Subsection (b) also states: "At the request of the prosecuting attorney, the court may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor." Tex. Penal Code Ann. § 12.44(b) (Vernon Supp.2005). That did not happen in this case.

provision as amended, only the punishment is changed, not the underlying conviction of a felony"). As noted by the government, "[t]that the Court sentenced the Defendant to 180 days confinement pursuant to Texas Penal Code Section 12.44(a) does not change the fact that the crime the Defendant was convicted of is punishable by imprisonment exceeding one year. The Court could as easily have sentenced the Defendant to two (2) years imprisonment." (Gov't response, ¶ V).

Simply stated, the term "punishable" is not equivalent to "punishment." *See* Black's Law Dictionary 1269 (8th Ed.2004). While Defendant was *punished* to a term of 180 days confinement, the crime for which he was convicted was *punishable* "for any term of not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35(a). Both federal and state courts addressing the issue have recognized this difference. *See United States v. Rivera–Perez*, 322 F.3d 350, 352 (5th Cir. 2003) ("Texas case law indicates that a crime remains a felony even if punished as a misdemeanor under § 12.44"); *see also United States v. Brown*, 86 Fed.Appx. 779, 780 (5th Cir.2004)(not published) ("Because Brown's guilty plea to a state jail felony exposed him to the possibility of a sentence of more than one year in prison, these convictions count as felonies ... despite the fact that Brown received a misdemeanor sentence under Tex. Penal Code § 12.44(a)"); *see also Fite v. State*, 60 S.W.3d 314, 320 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd) (conviction, not actual punishment under § 12.44, determines nature of offense); *see also Arriola v. State*, 49 S.W.3d 374, 376 (Tex.App.—Fort Worth 2000, pet. ref'd) (Where the defendant's prior felony conviction was punished as a misdemeanor under § 12.44(a), the trial court properly treated the prior conviction as a felony); *see also Hadnot v. State*, 851 S.W.2d 378, 379 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (appel-

lant's prior conviction was a "felony conviction" for enhancement purposes even though he received a "misdemeanor punishment").

For these reasons, Defendant's Motion to Dismiss is DENIED. This case will proceed to trial unless a plea agreement is reached.