F I L E D
United States Court of Appeals
Tenth Circuit

October 6, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN NAVA-ZAMORA,

Defendant - Appellant.

No. 05-2110
(D. Ct. No. CR-05-368 JP)
(D. N. M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Adrian Nava-Zamora pleaded guilty to illegally reentering the country following deportation in violation of 8 U.S.C. § 1326(a)(1), (2). Based on a prior state court conviction for drug trafficking, which the District Court treated as a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

felony, Mr. Nava-Zamora was sentenced to 27 months' imprisonment. He appeals his sentence arguing that his prior conviction was not a felony and that his sentence is otherwise unreasonable. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

In February 2005 Mr. Nava-Zamora pleaded guilty to illegal reentry by a felon following deportation. *See* 8 U.S.C. § 1326(a)(1), (2). The probation officer prepared a pre-sentence report ("PSR") setting Mr. Nava-Zamora's base offense level at 8. *See* United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2L1.2(a). The probation officer then applied a 12-level upward adjustment based upon Mr. Nava-Zamora's 1996 Texas conviction for unlawful delivery of a controlled substance, *see* U.S.S.G. § 2L1.2(b)(1)(B), and a 3-level reduction based upon Mr. Nava-Zamora's timely acceptance of responsibility, *see id.* at § 3E1.1. This resulted in a total offense level of 17, which, when combined with Mr. Nava-Zamora's criminal history category of II, produced an advisory Guidelines range of 27 to 33 months' imprisonment.

Mr. Nava-Zamora filed objections to the PSR. Specifically, he argued that his prior Texas conviction for drug trafficking was a misdemeanor, not a felony, and therefore the 12-level enhancement provided for in U.S.S.G. § 2L1.2(b)(1)(B) does not apply. He also argued that his criminal history category of II substantially overrepresents the nature of his criminal history, *see* U.S.S.G. § 4A1.3(b)(1); his prior offense was selling thirty dollars worth of crack cocaine to an undercover law enforcement officer for which he served 180 days' imprisonment. At the sentencing hearing, the District Court

agreed with the Government and the probation officer that Mr. Nava-Zamora's prior conviction was a felony and that his criminal history category did not substantially overrepresent the seriousness of his prior crime. The court also concluded that a sentence within the Guidelines range was appropriate in this case, and sentenced Mr. Nava-Zamora to serve 27 months. Mr. Nava-Zamora now appeals.

## II. DISCUSSION

We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1225 (10th Cir. 2006). We review the ultimate sentence imposed for reasonableness. *Id.* at 1229.

Guidelines § 2L1.2 governs a sentence for unlawfully reentering the United States following deportation. It provides a base offense level of 8 and requires a sentencing court to impose upward adjustments depending on the circumstances leading to the prior deportation. Relevant to this case, § 2L1.2 requires a 12-level upward adjustment if the defendant was previously convicted "for a felony drug trafficking offense for which the sentence imposed was 13 months or less." U.S.S.G. § 2L1.2(b)(1)(B). Mr. Nava-Zamora argues that his Texas conviction for drug trafficking was not a felony. Mr. Nava-Zamora's contention is without merit.

A "felony" is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. The judgment in the prior case reveals that Mr. Nava-Zamora was convicted of a "state jail" felony, which is an offense

- 3 -

punishable by a period of confinement "of not more than two years or less than 180 days." TEX. PENAL CODE § 12.35(a). In other words, a state jail offense is an offense punishable by a term of imprisonment exceeding one year. Although this fact would appear to settle the matter, Mr. Nava-Zamora points to another portion of the judgment that states the degree of his punishment is reduced to a "Class A misdemeanor," which is an offense punishable by imprisonment "not to exceed one year," *see id.* § 12.21. According to Mr. Nava-Zamora, he was therefore convicted of a misdemeanor.

To the contrary, under Texas law:

> A court may *punish* a defendant who is *convicted of a state jail felony* by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.

*Id.* at § 12.44(a) (emphasis added). Nevertheless, "a crime remains a felony even if punished as a misdemeanor under § 12.44." *United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003) (citing *Fite v. State*, 60 S.W.3d 314, 320 (Tex. Ct. App. 2001); *Arriola v. State*, 49 S.W.3d 374, 375–76 (Tex. Ct. App. 2000); *Hadnot v. State*, 851 S.W.2d 378, 379 (Tex. Ct. App. 1993)). Such is the case for Mr. Nava-Zamora and, accordingly, we conclude that the District Court properly applied the 12-level enhancement provided for in U.S.S.G. § 2L1.2(b)(1)(B).

Mr. Nava-Zamora next contends that his 27-month sentence is unreasonably long. We first note that sentences imposed within an accurately calculated Guidelines range are

entitled to a rebuttable presumption of reasonableness. *Chavez-Diaz*, 444 F.3d at 1229. "[A] defendant may rebut that presumption with a showing that the sentence is unreasonable under the factors set out in 18 U.S.C. § 3553(a)." *United States v. Paredes*, –F.3d–, 2006 WL 2411439, *3 (10th Cir. 2006). Mr. Nava-Zamora argues that his sentence, which is at the bottom of the applicable Guidelines range, is unreasonable because of the relative lack of seriousness of his prior offense and because there is no evidence that he engaged in any illegal activity between 1996 and the instant offense. Furthermore, he argues that he will be deported following any prison sentence so there is no need to protect the public from possible future crimes by keeping him incarcerated. The District Court considered these arguments as well as the fact that Mr. Nava-Zamora had young children in Mexico who depended upon him for support. The court concluded no "good basis [existed] for going outside the guideline range and using discretion provided by *Booker*." It is presumptively reasonable for the District Court to determine that a sentence within the applicable Guidelines range sufficiently reflects the factors in 18 U.S.C. § 3553, and Mr. Nava-Zamora has not otherwise demonstrated his sentence is unreasonable when viewed against these factors. As such, we conclude that his sentence is reasonable.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Nava-Zamora's sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge