**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5010**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

RENE SALVADOR ROMERO,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00423-WO-1)

Argued:  April 2, 2012                    Decided:  April 24, 2012

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert Lynn McClellan, IVEY, MCCLELLAN, GATTON & TALCOTT, LLP, Greensboro, North Carolina, for Appellant.  Ripley Eagles Rand, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:** Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rene Salvador Romero, a native and citizen of El Salvador, was convicted of illegally reentering the United States. See 8 U.S.C. § 1326(a). He now appeals his 43-month sentence. We affirm.

In calculating Romero's advisory guideline range, the district court applied a 12-level enhancement to his base offense level under U.S.S.G. § 2L1.2(b)(1)(B). This section directs the court to add 12 levels to the base offense level if the defendant was deported, or unlawfully remained in the United States, "after a conviction for a felony drug trafficking offense." For purposes of § 2L1.2, a "felony" is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n2. Romero contends that the enhancement is inapplicable to him because the predicate conviction – his 1999 Texas state-court conviction for delivery by constructive transfer of less than one gram of cocaine – is not a felony under § 2L1.2(b)(1)(B). We review this matter de novo. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008).

The State of Texas classifies Romero's predicate conviction as a "state jail felony." See Tex. Health & Safety Code § 481.112(b). "State jail felonies were created . . . to relieve the pressures of prison overcrowding in Texas," and the state

jail felony law "constituted both a realistic response to prison overcrowding and an attempt to preserve the legislature's judgment that state jail felonies were indeed still felonies in substance." United States v. Caicedo-Cuero, 312 F.3d 697, 704-05 (5th Cir. 2002). Categorized as "the lowest quantum of punishment of all Texas felonies," United States v. Calderon-Pena, 383 F.3d 254, 261 n.11 (5th Cir. 2004) (en banc), state jail felonies are punishable by a sentence of imprisonment of between 180 days and two years, see Tex. Penal Code § 12.35(a).

However, two alternative statutory provisions permit a sentencing court to dispose of state jail felonies in a more lenient manner. First, a sentencing court may punish a state jail felony "by imposing the confinement permissible as punishment for a Class A misdemeanor if . . . the court finds that such punishment would best serve the ends of justice." Tex. Penal Code § 12.44(a). Punishment for a Class A misdemeanor includes "confinement in jail for a term not to exceed one year." Tex. Penal Code § 12.21. Second, upon request of the prosecuting attorney, a sentencing court "may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor." Tex. Penal Code § 12.44(b). "Texas case law indicates that a crime remains a felony even if punished as a misdemeanor under § 12.44." United States v. Rivera-Perez, 322 F.3d 350, 352 (5th Cir. 2003).

3

In Romero's case, the Texas court convicted him of a state jail felony but then exercised its discretion under § 12.44(a) and sentenced him as a Class A misdemeanant to 180 days imprisonment. Relying on this fact, Romero argues that his prior conviction is not a felony under § 2L1.2(b). We disagree. Regardless of the ultimate sentence he received, Romero was in fact convicted of a drug trafficking offense that was punishable by a term exceeding one year. That conviction therefore qualifies as a felony for purposes of § 2L1.2(b), and the district court did not err in applying the enhancement in calculating Romero's offense level. See, e.g., Rivera-Perez, 322 F.3d at 352 (holding that a conviction for a Texas state jail felony that exposed the defendant to a sentence of more than one year is a "felony" for purposes of § 2L1.2(b) regardless of whether the defendant was sentenced under § 12.44); United States v. Nava-Zamora, 195 Fed. App'x 801, 803 (10th Cir. 2006) (same).[*]

Based on the foregoing, we affirm Romero's sentence.

AFFIRMED

---

[*]We have considered Romero's other arguments relating to his sentence and find them to be without merit.