IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50619
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN RIVERA-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-50-ALL-EP
--------------------
February 12, 2003

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Agustin Rivera-Perez appeals the sentence imposed after he pleaded guilty to one count of illegally reentering the United States after having been convicted of a felony and deported.

Rivera contends that his sentence deprived him of due process of law because the indictment did not allege the prior conviction, which he contends is an element of the offense. Rivera concedes that this claim is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and he seeks only to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi

did not overrule Almendarez-Torres.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This argument provides no basis for relief.

Rivera contends that his sentence must be vacated because his prior conviction did not warrant a 16-level increase in the offense level.  The offense level for illegal reentry after deportation is increased by 16 levels "[i]f the defendant previously was deported, or unlawfully remained in the United States after – a conviction for a felony that is . . .a crime of violence[.]"  U.S.S.G. § 2L1.2(b)(1)(A) (Nov. 2001).  Rivera's conviction for attempted indecency with a minor by exposure constitutes a "crime of violence."  See United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000); United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002).  Rivera argues, however, that the attempted-indecency conviction was not a "felony" crime of violence because, according to his plea agreement and TEX. PENAL CODE § 12.44, he was subject to no more than one year in prison.

The applicable guideline comment defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)).  Attempted indecency with a minor by exposure is a Texas state jail felony punishable by a maximum sentence of two years.  See TEX. PENAL CODE §§ 21.11, 15.01(d), 12.04(4)&(5), 12.35(a).  However, Rivera's plea bargain provided that his case

would be handled in accordance with TEX. PENAL CODE § 12.44, which allows punishment as if the crime were a Class A misdemeanor with a one-year maximum sentence, and Rivera was sentenced to 90 days. See TEX. PENAL CODE §§ 12.44(a), 12.21(2).

We may look to Texas law to provide guidance as to the proper characterization of the prior crime. See United States v. Vasquez-Balandran, 76 F.3d 648, 650 (5th Cir. 1996). Texas case law indicates that a crime remains a felony even if punished as a misdemeanor under § 12.44. See Fite v. State, 60 S.W.3d 314, 320 (Tex. Ct. App. 2001) (conviction, not actual punishment under § 12.44, determines nature of offense; enhancement barred on other grounds); Arriola v. State, 49 S.W.3d 374, 375-76 (Tex. Ct. App. 2000) (prior felony conviction treated as felony for enhancement purposes even though punished as misdemeanor under § 12.44(a)); Hadnot v. State, 851 S.W.2d 378, 379 (Tex. Ct. App. 1993) (same). The plain language of § 12.44 indicates that the crime remains "the felony committed" even though the defendant may be punished as if for a misdemeanor. TEX. PENAL CODE § 12.44(a). In addition, Rivera's plea-bargain states, with emphasis, that, although Rivera was being punished as for a misdemeanor, the judgment "shall constitute **A FINAL FELONY CONVICTION FOR DEFENDANT**."

In our recent case, United States v. Caicedo-Cuero, 312 F.3d 697 (5th Cir. 2002), the defendant's offense level was increased where he had previously pleaded guilty to Texas state-jail felony

of marijuana possession.  Caicedo-Cuero, 312 F.3d at 699.  At the time of the prior offense, Texas law provided a maximum sentence of two years but mandated that first-offenders should get suspended sentences and probation.  Id. (citations omitted).  We rejected the defendant's contention that the mandatory suspension and probation removed his prior crime from a definition of "felony" punishable by imprisonment for more than one year.  Id. at 703-05.  We concluded that the prior conviction was a "felony" because Texas law characterized it as such and because the statute "provided for a maximum term of imprisonment of two years," regardless of the fact that the defendant was not sentenced to more than one year.  Id. at 705-06; see also United States v. Arellano-Torres, 303 F.3d 1173, 1178-79 (9th Cir. 2002), cited in Caicedo-Cuero.  The mandatory suspension of sentence in Caicedo-Cuero did not change the fact that, absent circumstances peculiar to the particular defendant, the crime was "punishable" by more than a year's imprisonment.

We apply the essential reasoning of Caicedo-Cuero to the present case and hold that a crime is a "felony" for purposes of U.S.S.G. § 2L1.2(b)(1) and commentary note 1(B)(iv) if, by the terms of the criminal statute, a conviction exposes a defendant to a sentence of imprisonment of more than one year, regardless whether the defendant is sentenced under TEXAS PENAL CODE § 12.44.

The judgment of the district court is AFFIRMED.