# United States Court of Appeals
## For the First Circuit

No. 05-2656

UNITED STATES,

Appellee,

v.

RAMON ANTONIO SIMO-LÓPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Lipez and Howard, Circuit Judges.

Joseph C. Laws, Jr., Federal Public Defender, Juan F. Matos-De Juan, Assistant Federal Public Defender, and Héctor L. Ramos-Vega on brief for appellant.
H.S. García, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, on brief for appellee.

December 22, 2006

**LIPEZ, Circuit Judge**. Appellant Ramon Antonio Simo-López pled guilty to charges of unlawful reentry into the United States after removal and unlawful use of false identification. See 8 U.S.C. § 1326, 18 U.S.C. § 1028(a)(7). The district court imposed a forty-one-month term of imprisonment, which included a sixteen-level enhancement under the federal Sentencing Guidelines based on its finding that appellant's prior conviction for aggravated battery constituted a felony. Appellant claims that, under Puerto Rico law, the battery conviction was a misdemeanor, not a felony, and that he is entitled to re-sentencing. We agree and therefore remand.

## I.

### A. Factual Background[1]

Appellant, a citizen of the Dominican Republic, first entered the United States unlawfully in March 1989. On December 31, 1989, he was charged in Puerto Rico Superior Court with felony aggravated battery, a violation of Article 95 of the Puerto Rico Penal Code, P.R. Laws Ann. tit. 33, § 4032 (1983). Appellant later entered a guilty plea and was sentenced to six months

---

[1]We draw the facts from the government's proffer at appellant's change of plea hearing and from two Pre-Sentence Reports ("PSR"), one prepared in this case and one prepared in connection with an earlier reentry charge.

imprisonment.[2] On May 24, 1990, he was removed to the Dominican Republic. He reentered the United States in September 1996, again in Puerto Rico, and in July 1999 pled guilty to a felony charge of unlawful reentry. He was sentenced to seven months imprisonment and again removed from the United States.

The incident underlying this case occurred on April 9, 2005. During a pre-flight inspection at the Luis M. Marín International Airport in Carolina, Puerto Rico, appellant was detained and found to be using a counterfeit Puerto Rican driver's license bearing a name other than his own. He subsequently was charged in a two-count indictment with unlawful presence in the United States after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(1),[3] and with the knowing and unauthorized use of another

_____

[2]The 2005 PSR reported that appellant also pled guilty to a weapons law violation stemming from the same incident, for which he received a concurrent six-month term of imprisonment. That conviction is not at issue in this case.

[3]Section 1326(a) provides, in relevant part, that "any alien who – (1) has been denied admission, excluded, deported, or removed . . . , and thereafter (2) enters, attempts to enter, or is at any time found in, the United States," without having obtained permission to reenter shall be subject to a fine or up to two years imprisonment, or both.

Section (b)(1) provides that, in the case of any alien described in subsection (a):

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both[.]

person's identification to facilitate his unlawful reentry, in violation of 18 U.S.C. § 1028(a)(7). He pled guilty to both counts.

Under the Sentencing Guidelines, a defendant convicted of an unlawful reentry crime is subject to a sixteen-level increase in his offense level if he previously was deported after "a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The applicable Guidelines definition of felony is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2. There is no dispute that the felony crime of aggravated battery, with which appellant was charged in 1989, would trigger the enhancement; the question is whether appellant was convicted of that crime.[4]

Puerto Rico's Article 95 divides aggravated battery into discrete misdemeanor and felony crimes, which cover different types of specified conduct. See infra pp. 10-11. The complaint filed against appellant framed the charge as a felony. Felony aggravated battery is "punishable by imprisonment for a fixed term of 3 years"; that sentence could be increased to five years if aggravating factors existed and decreased to two years if "attenuating circumstances are present." P.R. Laws Ann. tit. 33, § 4032 (1983). Aggravated battery otherwise is punishable by a

---

[4]Appellant does not dispute that his conviction for aggravated battery qualifies as a "crime of violence." See U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (crime of violence includes "aggravated assault").

-4-

term "not exceeding six months," and is thus a misdemeanor under Puerto Rico law.[5]

At the sentencing hearing, both defense counsel and the Assistant United States Attorney agreed that appellant's aggravated battery conviction should be considered a misdemeanor based on the six-month sentence that was imposed.[6] The misdemeanor classification would have resulted in only a four-level enhancement and a sentencing range of eight to fourteen months, compared to a range of forty-one to fifty-one months with the sixteen-level

---

[5]Our references throughout are to the statute as it existed at the time of appellant's conviction, although subsequent amendments have not changed the provision in ways that would affect our analysis. The statute continues to have separate sections for the felony and misdemeanor crimes, with each section listing various factual circumstances in which it applies. As in the earlier version, the current statute states explicitly that aggravated battery is a felony when it occurs in the specified circumstances. See P.R. Laws Ann. tit. 33, § 4032(2)(2003). The statute's first section, currently designated subsection (1), is not expressly labeled as a misdemeanor provision; it is the prescribed penalty that triggers the misdemeanor classification. Puerto Rico's Penal Code defines a misdemeanor as

> a crime punishable by detention for a term that does not exceed six months or by a fine that does not exceed five thousand (5,000) dollars, or both penalties at the discretion of the court. A felony comprises all other crimes.

P.R. Laws Ann. tit. 33, § 3044 (1999). Section 3044 was added to the Penal Code in 1974 and its later revisions did not materially change its substance.

[6]The government explicitly relied on the PSR prepared in connection with appellant's 1999 unlawful reentry conviction. That earlier PSR considered the aggravated battery a misdemeanor. The PSR prepared in connection with the instant offenses treated the conviction as a felony.

enhancement.  The alternative four-level increase in offense level would not be based on the misdemeanor conviction, but would result from appellant's prior reentry conviction.  The Guidelines impose a four-level enhancement for a prior felony conviction that has no special characteristics – such as "aggravated" or "crime of violence" status – that would trigger a harsher penalty.  <u>See</u> U.S.S.G. § 2L1.2(b)(1)(D).

Although the district court had before it the complaint that led to appellant's 1990 conviction, it had no other information about the crime because the file could not be located. Relying on the language in the complaint, the court concluded that appellant had been convicted of a felony within the meaning of the Guidelines:

> [T]he prior felony conviction is a state conviction for an offence [sic] punishable by [im]prisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed, which means that regardless of having been sentenced to six months, and the Court there – I don't know whatever the judge did and sentenced him to six months, but according to what he was charged with, he was charged with a felony that carried a term of imprisonment of more than one year, carried a fixed term of three years.
>
> If afterwards he plea bargained and the case was reduced to a misdemeanor, that is something else.  But for purposes of the guidelines that we are applying, a prior felony conviction means a state conviction punishable by imprisonment for a term

-6-

> exceeding one year regardless of the actual sentence imposed.

The court therefore applied the sixteen-level enhancement and imposed the forty-one-month sentence.

**B. Legal Principles**

The body of law surrounding the proper classification of state crimes for purposes of federal sentencing is both complex and growing, see, e.g., Lopez v. Gonzales, 2006 WL 3487031 (U.S. Dec. 5, 2006) (No. 05-547), and this is not the first time that we have confronted a defendant's attempt to link the short length of his sentence to the crime's status under the Sentencing Guidelines. In United States v. Santiago, 83 F.3d 20 (1st Cir. 1996), the appellant claimed that his two prior convictions for assault and battery did not satisfy the career offender requirement that they be "punishable by imprisonment for a term exceeding one year" because he received six-month sentences on each occasion. Id. at 26-27 (quoting U.S.S.G. § 4B1.2(1)). We noted, however, that the offenses were punishable at the time they occurred by imprisonment of up to two-and-one-half years, and we made the following observation: "The guideline . . . does not speak in terms of a judicial judgment (the length of the sentence meted out), but, rather, in terms of a legislative judgment (the maximum punishment applicable to the offense). Id. at 27 (emphasis in original). We thus held the crimes qualified as predicate convictions for career offender status.

-7-

Other case law in our circuit and elsewhere confirms that it is the statutory maximum for a particular crime, and not the specific sentence imposed, that determines the crime's status, including its classification as a felony under § 2L1.2. See, e.g., United States v. Caicedo-Cuero, 312 F.3d 697, 704-06 (5th Cir. 2002) (rejecting defendant's contention that mandatory suspended sentence for first-time offender removed prior crime from classification as "felony" under § 2L1.2 where statute provided for maximum two-year term of imprisonment); United States v. Robles-Rodriquez, 281 F.3d 900, 903-06 (9th Cir. 2002) (rejecting felony classification under § 2L1.2 where maximum authorized punishment was probation); United States v. Sanchez, 917 F.2d 607, 615 (1st Cir. 1990) (rejecting claim that district court erroneously treated crimes as felonies where defendants were sentenced to six years "but actually served less than 'one year and one month'").

The issue here, however, is materially different. Appellant does not seek to classify a crime based solely on the sentence imposed, but invokes the sentence as decisive proof that he was convicted of a misdemeanor. Framed in the language we used in Santiago, the issue is whether appellant's six-month term was the product of a judicial judgment as to the appropriate sentence for the felony with which he was charged, or a legislative judgment as to the appropriate penalty for a lesser crime. Put another way, was appellant convicted and sentenced for the misdemeanor crime of

-8-

aggravated battery – for which the legislature fixed a maximum six-month prison term – or was he sentenced leniently for the felony crime of aggravated battery?  If the former, the conviction would not qualify as a felony crime of violence under § 2L1.2.

## II.

We typically review de novo the district court's determination of the legal meaning of guidelines provisions. United States v. Robinson, 433 F.3d 31, 35 (1st Cir. 2005); United States v. Sanchez-Mota, 319 F.3d 1, 2 (1st Cir. 2002) (per curiam) (interpreting § 2L1.2).  A court's factual findings on sentencing are reviewed only for clear error.  Robinson, 433 F.3d at 38.  The question we face here is legal, requiring us to consider both the nature of Puerto Rico's aggravated battery statute and the legal significance owed to appellant's plea and sentencing under the provision.  Accordingly, we apply de novo review.

Appellant concedes that he was charged with felony aggravated battery, but he argues that the only conclusion that can be drawn from his six-month sentence is that he was convicted of the less serious crime of misdemeanor aggravated battery.  This is so, he maintains, because Puerto Rico was a fixed sentence jurisdiction at the time of his conviction, and the judge who sentenced him was therefore obligated to follow the fixed term

prescribed by statute.[7]   If he were convicted of a felony, that term would have been between two and five years, with a three-year term being the standard.   He argues that, because he was sentenced to six months' incarceration, he must have been convicted of misdemeanor aggravated battery.

We find this reasoning persuasive.   Under Article 95, each form of aggravated battery has its own set of factual criteria.   At the time of appellant's crime, aggravated battery was classified as a misdemeanor when committed under one (or more) of seven specifically designated circumstances, including "[w]hen committed with the intent to inflict serious bodily injury."   P.R. Laws Ann. tit. 33, § 4032(e) (1983).[8]   Aggravated battery was considered a felony, however, under three other specified instances, including "[w]hen serious bodily injury is inflicted on

_____

[7]Act No. 100, codified at P.R. Laws Ann. tit. 34, § 1044, states:

> The fixed sentence system is hereby established in Puerto Rico.  When the court orders a sentence of imprisonment, it shall hand down a fixed sentence with a specific term of duration.  In felony cases a fixed term established by law shall be imposed for the crime committed.  Should there be extenuating or aggravating circumstances, the court must increase or decrease the established fixed sentence within the limits established by law for the crime.  In these cases the prison term to be imposed shall also be fixed.

The "fixed sentence system" was enacted into law in 1980.

[8]The current version of section 4032 lists six instances of misdemeanor aggravated battery, including the one noted in the text.

the person assaulted," id. at § 4032(b) (second part), and when it was "committed with deadly weapons under circumstances not amounting to an intent to kill or maim," id. at § 4032(c) (second part).[9]

The district court had no information before it other than that appellant had been charged with the felony version of aggravated battery – and that he received a six-month sentence. Translating from Spanish, the court quoted the complaint filed against appellant, in pertinent part, as follows:

> [D]efendant . . . illegally, voluntarily, maliciously, and with criminal intention, did use force or violence against a human being . . . with the purpose of causing him harm, committing said crime with deadly weapons under circumstances that do not amount to an intent to kill or to maim.[10]

Unquestionably, the language in the complaint tracks the language in subsection (c) of the felony portion of Article 95 referring to the use of deadly weapons. The court concluded that it should rely on that language, rather than on the sentence, to classify the crime. It recognized, reasonably, that sentences often reflect a variety of factors, and its own experience revealed that, in some

---

[9]The current version of section 4032 lists seven instances of felony aggravated battery, including the two noted in the text.

[10]The PSR states that the charge specified that the "deadly weapon" was a machete. The charging document is not in the submitted record materials.

cases, plea bargaining can result in a "misdemeanor" penalty for a felony charge.

However, under Puerto Rico law, a sentencing judge imposing a term of imprisonment for the felony crime of aggravated battery appears to lack the discretion to reduce the sentence below the statutory minimum of two years. Law 100 provides that, when extenuating or aggravating circumstances exist to justify departing from the standard three-year term, "the court <u>must increase or decrease the established fixed sentence within the limits established by law for the crime</u>." P.R. Laws Ann. tit. 34, § 1044 (1980) (emphasis added). Thus, the six-month sentence is strong evidence that appellant's conviction was not for a felony and that, consequently, it cannot support the penalty of a sixteen-level increase in his offense level.

The Fifth Circuit also has considered an illegal reentry case involving a challenge to the sixteen-level enhancement, and an important difference in context provides some perspective here. In <u>United States</u> v. <u>Rivera-Perez</u>, 322 F.3d 350 (5th Cir. 2003) (<u>per curiam</u>), the appellant argued that his prior conviction did not constitute a felony crime of violence because his plea agreement provided that he would be punished as if the crime were a misdemeanor, with a one-year maximum sentence, and he was sentenced to a term of ninety days. <u>Id.</u> at 351-52.

The court rejected the appellant's argument because, under a provision of Texas law, "a crime remains a felony even if punished as a misdemeanor." Id. at 352 (citing Tex. Penal Code § 12.44(a)). Significantly, the plea bargain in that case stated, with emphasis, that despite Rivera's misdemeanor-like punishment, the judgment "'shall constitute A FINAL FELONY CONVICTION FOR THE DEFENDANT.'" Id.

The government, which on appeal endorses the district court's ruling (despite its agreement at sentencing that the aggravated battery conviction was a misdemeanor), cites no comparable provision of Puerto Rico law. It relies on the district court's rationale that a plea bargain may have prompted a reduced felony sentence, and alternatively suggests that the Puerto Rico court may have imposed a six-month term because of extenuating or mitigating circumstances. That logic, however, requires the government to argue that the Puerto Rico court imposed a sentence that was not permitted by Commonwealth law, which sets a two-year minimum for felony aggravated battery. We think it more sensible to conclude that the Puerto Rico court imposed a lawful sentence for misdemeanor aggravated battery. Indeed, if we were to deem this conviction a felony for purposes of U.S.S.G. § 2L1.2, we think it likely that we would be elevating the severity of the crime beyond the intent of the law that criminalized the conduct. We have neither authority nor inclination to take such a step. We

hold that appellant's aggravated battery conviction may not be treated as a felony in calculating his sentence.

**Vacated and remanded for re-sentencing.**