[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13725
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80019-WPD-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

IVAN VACLAVIK,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 6, 2016)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ivan Vaclavik appeals his conviction and 27-month sentence for attempted illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).  Mr. Vaclavik raises two issues on appeal.  First, he argues that the district court abused its discretion in denying his motion to withdraw his guilty plea without an evidentiary hearing.  Second, he contends that the district court improperly enhanced his sentence based on a prior conviction.  After careful review, we affirm.

## I

Mr. Vaclavik lacked legal status in the United States, had been previously removed, and attempted to reenter the United States illegally in violation of 8 U.S.C. § 1326(a) and (b)(1).  He entered into a plea agreement with the government and indicated his desire to plead guilty.  At a change-of-plea hearing, Mr. Vaclavik was placed under oath, and the court explained the consequences of a guilty plea to him.  Mr. Vaclavik acknowledged that his attorney had discussed the Sentencing Guidelines with him, and indicated that he would still like to plead guilty.  The court then advised Mr. Vaclavik that, with his criminal history, the maximum penalty could amount to ten years in prison.  Mr. Vaclavik stated that he still wanted to plead guilty.  The court explained the immigration consequences of a guilty plea to Mr. Vaclavik, and he again stated that he still wanted to plead guilty.

2

The pre-sentence investigation report stated that Mr. Vaclavik's prior state convictions included disorderly conduct and assault and battery, attempted breaking and entering and possession of burglary tools, shoplifting, transporting alcohol unlawfully, enticing a child under 16 and accosting a person of the opposite sex, and illegal re-entry into the United States. Because he found that Mr. Vaclavik had been previously deported after a felony conviction, the probation officer applied a four-level increase in the base level sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(D). That felony conviction was Mr. Vaclavik's Massachusetts conviction for assault and battery. Mr. Vaclavik objected to this conviction being classified as a felony, because it was a misdemeanor under Massachusetts law, even though it was punishable by up to 2.5 years imprisonment.

## II

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). An abuse of discretion only occurs if the district court's denial was "arbitrary or unreasonable." *Id.*

A district court's refusal to hold an evidentiary hearing is also reviewed for abuse of discretion. *Id.* "It does not amount to abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea." *Id.*

3

Prior to its acceptance by the court, a defendant may withdraw his guilty plea "for any reason or no reason." Fed. R. Crim. P. 11(d)(1). After the district court has accepted a defendant's guilty plea, but before sentencing, the defendant may withdraw a guilty plea if the district court rejects the plea agreement or "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(A)-(B).

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a plea, a district court may consider the totality of the circumstances surrounding the plea, including whether close assistance of counsel was available, whether the plea was knowing and voluntary, whether judicial resources would be conserved, and whether the government would be prejudiced if the defendant were permitted to withdraw his plea. *See United States v. Buckles*, 843 F.2d 469, 471-72 (11thd Cir. 1988). Here the district court found that Mr. Vaclavik had the close assistance of counsel and pled guilty knowingly and voluntarily. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

The district court did not abuse its discretion in denying Mr. Vaclavik's motion to withdraw the guilty plea. As noted, Mr. Vaclavik had the close assistance of counsel, and his guilty plea was knowing and voluntary. *See Buckles*, 843 F.2d at 471-72. Additionally, judicial resources would not be conserved if Mr.

Vaclavik were permitted to withdraw his plea because the district court would have to hold a trial, expending judicial resources rather than conserving them. *See Id.* at 474. Finally, the government would be prejudiced by having to reconvene and expend time and resources to try the case. *See Id*. Based on the *Buckles* factors, viewed in combination with a totality of the circumstances, the district court acted within its discretion in denying Mr. Vaclavik's motion to withdraw the guilty plea. Additionally, the district court did not abuse its discretion in refusing to hold an evidentiary hearing because it made extensive Rule 11 inquiries prior to accepting Mr. Vaclavik's guilty plea. *See Brehm*, 442 F.3d at 1298.

### III

We review *de novo* the district court's interpretation and application of the Sentencing Guidelines. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006). Mr. Vaclavik asserts that the district court erred in enhancing his sentence due to a prior felony conviction because his conviction for misdemeanor assault and disorderly conduct constituted a misdemeanor in Massachusetts. The government responds that, although this conviction is a misdemeanor under Massachusetts law, it was punishable by a term of imprisonment up to 2.5 years, and therefore qualifies as a felony under § 2L1.2 of the Sentencing Guidelines.

We have not ruled directly on this point, but other circuits have held that, for the purposes of sentencing pursuant to a conviction related to illegal reentry into

the United States, a state offense classified as a misdemeanor may constitute a felony for federal sentencing purposes based on the maximum term of imprisonment. *See United States v. Savillon-Matute*, 636 F.3d 119, 122 n.5 (4th Cir. 2011) (describing the definition of felony under 8 U.S.C. § 1326(b)(1) as "an offense punishable by a maximum term of imprisonment of more than one year") (internal citations omitted); *United States v. Simo-Lopez*, 471 F.3d 249, 252 (1st Cir. 2006) (noting that the statutory maximum determines a crime's status as a felony under U.S.S.G. § 2L1.2(b)(1)(D)).

Here, Mr. Vaclavik's prior Massachusetts conviction for assault and battery was properly classified as a felony under U.S.S.G. § 2L1.2(b)(1)(D) based on the maximum term of imprisonment. Given that this conviction was properly deemed a felony, the application of a four-level increase was appropriate.

## IV

We affirm Mr. Vaclavik's conviction and sentence.

**AFFIRMED.**

6