In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3447

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TREMAYNE T. DOZIER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 18-CR-20002-001 — **James E. Shadid**, *Judge.*

ARGUED SEPTEMBER 5, 2019 — DECIDED FEBRUARY 4, 2020

Before SYKES, HAMILTON, and SCUDDER, *Circuit Judges.*

SYKES, *Circuit Judge.* Tremayne Dozier was arrested in 2017 for trafficking methamphetamine in Decatur, Illinois. A federal grand jury indicted him for conspiracy and possession of methamphetamine with intent to distribute. Under the terms of the Controlled Substances Act then in effect, Dozier faced increased penalties if he had a prior conviction for a "felony drug offense." 21 U.S.C. § 841(b)(1)(A),

(b)(1)(B)(viii).[1] A "felony drug offense" is a drug-related offense "that is punishable by imprisonment for more than one year under any law of the United States or of a State." *Id.* § 802(44). The government identified one such conviction: in 2006 Dozier was convicted in Texas of unlawful possession of cocaine, a "state jail felony" punishable by imprisonment of six months to two years.

Dozier pleaded guilty to the conspiracy count. At sentencing he objected to using the 2006 drug conviction to enhance his sentence. The Texas case had been resolved by plea bargain; in exchange for Dozier's guilty plea, the prosecutor agreed to a nine-month sentence based on section 12.44(a) of the Texas Penal Code, which gives the sentencing judge the discretion to punish a person convicted of a state jail felony by imposing a period of confinement permissible for a Class A misdemeanor—that is, a term not to exceed one year. *See* TEX. PENAL CODE ANN. §§ 12.21, 12.44(a). The Texas court accepted the plea agreement, found Dozier guilty of the state jail felony, and imposed a nine-month sentence.

Dozier argued that the Texas conviction was not a qualifying predicate because the terms of his plea agreement exposed him to confinement of not more than one year. The district judge rejected this argument and imposed a sentence of 20 years, the mandatory minimum for an offender with a prior felony drug conviction.

On appeal Dozier again argues that his 2006 Texas conviction doesn't qualify as a felony drug offense. We disagree.

---

[1] The First Step Act of 2018, effective December 31, 2018, changed recidivist penalties for drug crimes. We refer throughout this opinion to the 2018 penalty provisions in the Controlled Substances Act.

Dozier pleaded guilty to and was convicted of a two-year state jail felony. It does not matter that the sentencing judge accepted the plea bargain and exercised the discretion conferred by state law to sentence Dozier as if he were a misdemeanant. Dozier was, in fact, convicted of a two-year drug felony. We affirm the judgment.

## I. Background

In February 2006 Dozier was charged in Dallas County with possession of less than one gram of cocaine in violation of section 481.115 of the Texas Health and Safety Code. The crime is a "state jail felony" under Texas law, punishable by "[c]onfinement in a state jail for any term of not more than two years or less than 180 days."[2] TEX. PENAL CODE ANN. § 12.35(a). On May 3 Dozier agreed to plead guilty in exchange for a sentence of nine months. The written plea agreement, which he signed, lists the offense and its punishment range—"State Jail Felony, 180 days – 2 years State Jail"—and specifies an "agreed sentence" of nine months, citing section 12.44(a) of the Texas Penal Code. That section provides:

> A court may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the

---

[2] Texas law has five felony classifications: "(1) capital felonies; (2) felonies of the first degree; (3) felonies of the second degree; (4) felonies of the third degree; and (5) state jail felonies." TEX. PENAL CODE ANN. § 12.04(a). Section 481.115(b) of the Texas Health and Safety Code provides that the possession of a controlled substance in an amount "by aggregate weight, including adulterants or dilutants, [of] less than one gram" is "a state jail felony."

> gravity and circumstances of the felony com-
> mitted and the history, character, and rehabili-
> tative needs of the defendant, the court finds
> that such punishment would best serve the
> ends of justice.

TEX. PENAL CODE ANN. § 12.44(a).[3]

The prosecutor submitted the agreement to a magistrate judge that same day along with a motion to "find [Dozier] guilty of a State Jail Felony as charged and impose confinement for a Class A misdemeanor." Dozier joined the motion. The magistrate granted it, accepted Dozier's guilty plea, and found him "guilty of a <u>State Jail Felony</u> as charged herein." The magistrate then recommended that the presiding district judge adopt the plea agreement and impose a sentence of nine months. The judge did so, entering judgment on May 3, 2006, convicting Dozier of the state jail felony and ordering him to serve nine months in jail.

Fast-forward to October 2017: Dozier was arrested in Decatur for dealing crystal meth. In January 2018 a grand jury indicted him for conspiracy to possess methamphetamine with the intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and possession of methamphetamine with the intent to distribute, *id.* § 841(a)(1), (b)(1)(B)(viii). The government filed an information under 21 U.S.C. § 851 notifying

---

[3] A different subsection of the statute permits a state prosecutor, with the court's approval, to *prosecute* a state jail felony as a misdemeanor offense: "At the request of the prosecuting attorney, the court may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor." TEX. PENAL CODE ANN. § 12.44(b). This subsection is not at issue here.

the court that it intended to rely on Dozier's 2006 Texas conviction to enhance the applicable penalties under § 841. Specifically, with one prior conviction for a felony drug offense, Dozier faced a 20-year minimum sentence on the conspiracy count, *see* § 841(b)(1)(A), and a 10-year minimum on the possession count, *see* § 841(b)(1)(B).

Dozier pleaded guilty to the conspiracy count. At sentencing he objected to using the Texas conviction to enhance his sentence. He argued that the conviction wasn't for a felony offense because under the plea agreement, he wasn't exposed to imprisonment of more than one year. The judge overruled the objection, counted the conviction as a qualifying predicate, and sentenced Dozier to a prison term of 20 years, the mandatory minimum.

## II. Discussion

Dozier reserved the right to appeal the judge's ruling that the Texas conviction qualifies as a predicate felony drug conviction, triggering the enhanced minimum sentence under § 841(b)(1)(A). We review de novo questions of law related to sentencing. *United States v. Woolsley*, 535 F.3d 540, 549 (7th Cir. 2008). When a district court determines that a prior conviction counts toward a recidivist sentencing enhancement, we review de novo that application of the law to the fact of the prior conviction. *United States v. Burge*, 683 F.3d 829, 833 (7th Cir. 2012).

Under then-existing law, a conviction for conspiracy to distribute methamphetamine in the quantities at issue here normally carried a 10-year minimum sentence, but a prior conviction for a "felony drug offense" raised the mandatory minimum to 20 years. § 841(b)(1)(A). As we've explained, a

"felony drug offense" is a drug-related offense "that is punishable by imprisonment for more than one year under any law of the United States or of a State." § 802(44). "The word 'punishable' in ordinary English simply means 'capable of being punished.'" *United States v. Nieves-Rivera*, 961 F.2d 15, 17 (1st Cir. 1992) (citations omitted).

Dozier asserts that he pleaded guilty to the Texas drug charge—a two-year felony—on the understanding that he was only exposing himself to punishment for a Class A misdemeanor, which limits confinement to one year. *See* TEX. PENAL CODE ANN. § 12.35(a) (penalties for state jail felonies); *id.* § 12.21 (misdemeanor penalties). His plea agreement referred to section 12.44(a) of the Texas Penal Code, which gives the sentencing judge the discretion to punish a person convicted of a state jail felony by imposing the confinement permissible for a Class A misdemeanor after considering certain factors about the circumstances of the crime and the character of the offender. If the judge had rejected the plea agreement and the magistrate's recommendation of a nine-month sentence, Dozier would have been entitled to withdraw his guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2). Because his case was resolved under section 12.44(a), Dozier argues that the conviction doesn't qualify as a predicate felony drug conviction and should not have been used to enhance his sentence.

The Fifth Circuit, which includes Texas, has considered and rejected this argument, albeit in the context of a recidivist enhancement in the Sentencing Guidelines. In *United States v. Rivera-Perez*, the defendant was convicted of illegal reentry after deportation and objected to using his prior conviction for a Texas state jail felony to increase his base

offense level under the Guidelines. 322 F.3d 350, 351 (5th Cir. 2003). The applicable offense guideline added 16 levels if the defendant was previously deported after a conviction for a felony "crime of violence"; using language materially identical to § 802(44), the application notes define "felony" as "'any federal, state, or local offense punishable by imprisonment for a term exceeding one year.'" *Id.* at 351–52 (quoting U.S.S.G. § 2L1.2(b)(1)(A) cmt. n.1(B)(iv) (Nov. 2001)). The defendant argued that his Texas conviction for a state jail felony did not trigger the enhancement because his plea agreement relied on section 12.44(a) of the Texas Penal Code and his actual sentence was just 90 days.

The Fifth Circuit disagreed, explaining that "[t]he plain language of [section] 12.44[a] indicates that the crime remains 'the felony committed' even though the defendant may be punished as if for a misdemeanor." *Rivera-Perez*, 322 F.3d at 352. The court pointed to a series of Texas cases confirming that the "crime remains a felony even if punished as a misdemeanor under [section] 12.44[a]." *Id.* (citing *Fite v. State*, 60 S.W.3d 314, 320 (Tex. Ct. App. 2001); *Arriola v. State*, 49 S.W.3d 374, 375–76 (Tex. Ct. App. 2000); *Hadnot v. State*, 851 S.W.2d 378, 379 (Tex. Ct. App. 1993)).[4] Finally, the court noted that the defendant's plea agreement clearly stated that "although [he] was being punished as for a misdemeanor, the judgment 'shall constitute *A FINAL*

---

[4] Another Texas case can be added to the Fifth Circuit's list, one decided after *Rivera-Perez*. *See Ex parte Palmberg*, 491 S.W.3d 804, 805 n.1 (Tex. Crim. App. 2016) (affirming that a "felony *conviction* is all that an applicant must show for a claim to be cognizable in post-conviction habeas corpus proceedings" and stating that an applicant who was sentenced under section 12.44(a) was "convicted of a state jail felony").

*FELONY CONVICTION FOR DEFENDANT*.'" *Id.* Accordingly, the court held that a conviction for a Texas state jail felony, a two-year felony under state law, qualifies as a predicate for the Guidelines enhancement "regardless [of] whether the defendant is sentenced under Texas Penal Code [section] 12.44[a]." *Id.*

Three years after *Rivera-Perez*, the Fifth Circuit reached the same conclusion in a case involving the recidivist provision in the Armed Career Criminal Act ("ACCA"), which raises the minimum sentence for certain gun crimes if the defendant has prior convictions for a "violent felony." *United States v. Harrimon*, 568 F.3d 531, 533 n.3 (5th Cir. 2009). The ACCA defines "felony" the same way as the Guidelines: "any crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Richard Ray Harrimon pleaded guilty to unlawfully possessing firearms, and the court had to decide whether his two Texas convictions for "fleeing by vehicle"—both state jail felonies—counted as predicate "violent felonies" under the ACCA. *Harrimon*, 568 F.3d at 533 n.3. One of Harrimon's Texas cases had been resolved under section 12.44(a) with a misdemeanor-length sentence; he argued that it could not be counted as a predicate. The Fifth Circuit disagreed, reaching the same conclusion as it had in *Rivera-Perez*: "the relevant statute [describing the state jail felony] plainly authorizes up to two years of imprisonment … , a fact which is unaltered by the sentencing judge's discretionary decision [under section 12.44(a)] to impose a lesser sentence." *Id.*

The Fifth Circuit's reasoning is sound. We'd need a good reason to disagree—or at least a statutorily grounded basis for reaching a different conclusion under the recidivist

provisions in the Controlled Substances Act. But the Act's definition of "felony" is materially identical to the definitions in the ACCA and the Guidelines. Dozier has given us no basis for treating his Texas state-jail-felony conviction differently in this context.

Dozier argues instead that *Rivera-Perez* and *Harrimon* have been called into question by the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). *Carachuri-Rosendo* arose under the Immigration and Nationality Act ("INA") and concerned eligibility for cancellation of removal, a form of discretionary relief available to immigrants in removal proceedings who have "not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). The INA's definition of "aggravated felony" includes a "drug trafficking crime," *id.* § 1101(a)(43)(B), a phrase further defined by cross-reference to the definitions in Title 18: a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*)," 18 U.S.C. § 924(c)(2), and a "felony" is a crime for which the "maximum term of imprisonment authorized" is "more than one year," *id.* § 3559(a)(5).

Jose Carachuri-Rosendo was placed in removal proceedings based on two Texas misdemeanor convictions for simple drug possession. *Carachuri-Rosedo*, 560 U.S. at 570–71. He conceded removability but sought relief in the form of cancellation of removal. The government opposed cancellation, arguing that his second offense for simple possession could have been prosecuted in federal court with a recidivist enhancement, and in that scenario his offense would have been a felony punishable by up to two years in prison. *Id.* at 570. (State law, too, authorized a sentence enhancement for

recidivists, but Carachuri-Rosendo was not convicted of a recidivist-enhanced offense. *Id.* at 570–71.) Because his conduct *could have been* prosecuted as a felony under the Controlled Substances Act (by application of a recidivist enhancement), the government insisted that Carachuri-Rosendo was ineligible for cancellation of removal.

The Fifth Circuit agreed, but the Supreme Court reversed. The Court held that the INA "limits the Attorney General's cancellation authority only when the noncitizen has actually been 'convicted of a[n] aggravated felony'—not when he merely could have been convicted of a felony but was not." *Id.* at 578 (quoting 8 U.S.C. § 1229b(a)(3)).

*Carachuri-Rosendo* does not undermine *Rivera-Perez* and *Harrimon*. The defendants in the two Fifth Circuit cases *actually were* convicted of felonies; they were not convicted of misdemeanors that *could have been* prosecuted as felonies but were not. Just so here. Dozier was convicted of a two-year state jail felony but received a misdemeanor-length sentence pursuant to a plea bargain.

Dozier also relies on *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1216 (9th Cir. 2019), but that case doesn't help him. In *Valencia-Mendoza* the defendant pleaded guilty to illegal reentry after removal; at sentencing the district court applied a Guidelines recidivist enhancement for offenders with a prior felony conviction based on the defendant's Washington conviction for possession of cocaine, a Class C felony. *Id.* State law specified a five-year maximum for that felony class, but the statutory scheme also set a *mandatory* six-month cap on the sentence unless certain aggravating factors were present. *Id.* at 1216–17. The six-month cap applied in the defendant's case because no aggravating

factors were found; he was sentenced to just 30 days. *Id.* at 1217. Applying *Carachuri-Rosendo*, the Ninth Circuit reversed and remanded for resentencing without the enhancement. Because the statutory maximum penalty for the crime was six months, the defendant's offense wasn't punishable by a term exceeding one year as required for the enhancement. *Id.* at 1224.

Dozier's Texas conviction is different. Section 12.44(a) is discretionary, not mandatory.

For the same reason, Dozier's reliance on the Eighth Circuit's decision in *United States v. Haltiwanger* is also misplaced. In that case, the defendant was convicted of conspiracy to distribute drugs and (like Dozier) faced a 20-year mandatory minimum under § 841 if he had a prior conviction for a felony drug offense. 637 F.3d 881, 882 (8th Cir. 2011). The defendant had a Kansas conviction for failing to affix a drug tax stamp, a crime with a 13-month statutory maximum. The district court counted the conviction, imposed the 20-year minimum sentence, and the Eighth Circuit initially affirmed. *Id.* at 882–83. After the Supreme Court remanded for reconsideration in light of *Carachuri-Rosendo*, the Eighth Circuit reversed course. Because the defendant was not a recidivist, the statutory maximum penalty for his Kansas offense was seven months. *Id.* Accordingly, the court concluded that the conviction did not qualify as a prior felony drug conviction and remanded for resentencing. *Id.* at 884.

Again, Dozier's case is different. Under section 12.44, a Texas court has the *discretion* to punish a state jail felony by imposing a misdemeanor-length term of confinement. The statutory maximum for the offense is two years.

This case is closer to *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003). There the district court sentenced the defendant to the 20-year minimum term under § 841 based on his prior Illinois conviction for felony drug possession. *Id.* The defendant argued that the conviction did not count as a prior drug felony because the Illinois court had sentenced him to "first offender probation," which he successfully completed. *Id.* at 781. We rejected that argument, holding that the state court's decision to sentence the defendant to probation rather than prison "does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B)." *Id.* at 783.

To sum up, Dozier pleaded guilty to and was convicted of a Texas state jail felony punishable by confinement of six months to two years. For purposes of the Controlled Substance Act's sentencing enhancements for prior felony drug convictions, the fact that the statutory punishment range for Dozier's offense of conviction extended beyond one year is all that matters. Texas law is clear that a conviction for a state jail felony *remains* a conviction for a state jail felony even if the sentencing court exercises the discretion conferred by section 12.44(a) and imposes a misdemeanor-length sentence. The district judge properly counted Dozier's Texas conviction as a predicate felony drug conviction under § 841.

AFFIRMED

HAMILTON, *Circuit Judge*, dissenting. No matter how we decide this appeal, Mr. Dozier will be punished severely for his 2018 federal methamphetamine conviction. Our question is whether the mandatory minimum sentence for his federal conviction is ten years or twenty, imposed before the First Step Act took effect. The answer depends on the legal effect of his 2006 conviction in Texas for possessing 0.4 grams of cocaine. More specifically, the question is whether that conviction counts as one for a prior "felony drug offense" under 21 U.S.C. § 841(b) (2018), defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to" various controlled substances.

The key word here is "punishable." If a defendant's prior sentence was more than a year in prison, it is easy to apply. If a defendant's prior sentence was less than a year in prison, it is also established that we focus on what the defendant's sentence for the crime could have been under the law, not what it actually was. But in applying that standard to a host of state statutes and sentencing guidelines, the deceptively simple word "punishable" becomes more complex. Two questions are decisive here: who must be punishable with more than one year in prison, and as of what point in the proceedings? My colleagues do not answer those questions directly, but the correct answers point toward reversal here.

After *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), it is not enough that Texas cited a drug-possession statute labeled as a felony as Dozier's offense of conviction. It also is not enough that others convicted under that same statute might face more than a year in prison. The question is instead

whether, *at the time of conviction*, the Texas judge had legal au-
thority to send *Dozier himself* to prison for more than one year.
She did not. Such a sentence was legally impossible after the
judge accepted Dozier's binding plea agreement and con-
victed him. I would accordingly find that the 2006 conviction
was, for Dozier, not for "an offense that is punishable by im-
prisonment for more than one year." Even if that conclusion
is not correct, the use of the word "punishable" in the Con-
trolled Substances Act is at least ambiguous as applied to this
Texas conviction. I would apply the rule of lenity and still re-
mand this case for resentencing.

I.   *Offense "Punishable" by More than One Year?*

Dozier was charged with violating Texas Health & Safety
Code § 481.115, which makes possession of less than a gram
of cocaine a "state jail felony." Ordinarily, a state jail felony
can be punished by up to two years in a state jail. Tex. Penal
Code § 12.35(a). Dozier was certainly charged with an offense
that was punishable by imprisonment for more than one year.

But the Controlled Substances Act speaks of "a prior con-
viction," of course, not a prior charge. Pursuant to a plea
agreement, the Texas prosecutor and Dozier jointly moved
the court to "find him guilty of a <u>State Jail Felony</u> as charged
and impose confinement for a Class A misdemeanor as pro-
vided in Sec. 12.44(a) of the Texas Penal Code" (underlining
in original). Section 12.44 gives judges and prosecutors two
paths to ensure that a "state jail felony" is punished as a mis-
demeanor:

> (a) A court may punish a defendant who is con-
> victed of a state jail felony by imposing the con-
> finement permissible as punishment for a Class

> A misdemeanor if, after considering the gravity and circumstances of the felony committed and the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.
>
> (b) At the request of the prosecuting attorney, the court may authorize the prosecuting attorney to prosecute a state jail felony as a Class A misdemeanor.

Tex. Penal Code § 12.44. After committing to either the (a) path or the (b) path, the judge *must* sentence the defendant to misdemeanor punishment, which means "confinement in jail for a term not to exceed one year." *Id.* § 12.21. Dozier's binding plea agreement, for example, required a sentence of nine months.

The Texas trial court granted the joint motion under § 12.44(a). The final judgment described the offense of conviction using two phrases: "convicted of: state jail" and "punishment reduced to: Class A misdemeanor." Importantly, the judgment also stated that Dozier had the right to withdraw his guilty plea if the court had rejected the misdemeanor punishment.[1] As a result, Dozier's conviction barred the judge from sentencing him to more than one year.

Texas was still free to refer to the offense of conviction as a "state jail felony," of course, and to attach whatever

---

[1] See Tex. Code Crim. Proc. art. 26.13(a)(2) ("[T]he court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. Should the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty . . . .").

collateral consequences that label carries in Texas. I assume that Texas in fact regarded Dozier's conviction as a state jail felony. The majority concludes that the label of the offense and the ordinary maximum of two years control here, relying on Fifth Circuit decisions that have so interpreted Texas Penal Code § 12.44(a). See ante at 12. But ours is a question of federal statutory interpretation, not Texas law as such. See *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003). State-law labels do not control under 21 U.S.C. § 802(44). *Burgess v. United States*, 553 U.S. 124, 129 (2008).

More important, the analysis must look beyond the maximum possible sentence for just any defendant. There is no doubt that some defendants convicted of the offense of conviction, possession of less than one gram of cocaine, can be punished with as much as two years in prison. See Tex. Health & Safety Code § 481.115(b); Tex. Penal Code § 12.35(a). As I read the Supreme Court's decisions most closely on point, however, we have answers to the two questions: who must be punishable, and as of when? The issue is not whether *anyone* convicted of the offense can be sentenced to more than one year, but whether *this defendant* could have been sentenced to more than one year. And that question must be answered as of the time of conviction, not any earlier stage, such as charging or plea negotiations.

In *United States v. Rodriquez*, 553 U.S. 377 (2008), and *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), the Supreme Court directed the focus to the situation of this individual defendant. In *Rodriquez*, the defendant was convicted in federal court of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). His maximum sentence was ten years, unless he had three previous convictions for violent felonies or "serious

drug offenses," in which case he faced a minimum fifteen years in prison. "Serious drug offense" was defined for these purposes to include state drug offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii); see 553 U.S. at 381–82. For a first-time offender, Rodriquez's three prior Washington drug felonies would have carried maximum five-year sentences. Because of his individual criminal record, though, the offenses Rodriquez had committed carried maximum sentences of ten years. *Id.* at 380–81. The Supreme Court held that the maximum sentences "prescribed by law" as "set by the applicable recidivist provision" *applicable to Rodriquez* were the relevant standards. *Id*. at 393. His state convictions therefore triggered the enhanced federal sentence.

*Rodriquez* thus teaches us to focus on the punishment this individual defendant faced in the prior case. So far, so good. Two years later in *Carachuri-Rosendo*, the Supreme Court rejected the government's effort to stretch the logic of *Rodriquez* to the punishment that some other hypothetical offenders might face. See 560 U.S. at 577 n.12 (distinguishing *Rodriquez*). In doing so, the Court reinforced the focus on the particular defendant and taught that the punishment authorized by law must be measured at the time of the individual defendant's conviction, not the time of charging.

The question in *Carachuri-Rosendo* was whether, under immigration law, the petitioner had been convicted of an "aggravated felony." The government argued that the second of two drug possessions, which had been treated as a misdemeanor under Texas law, should count as an aggravated felony under federal immigration law. According to the government, since the offense *could have been* prosecuted as an

aggravated felony under federal law, the petitioner should be treated as if he had been convicted of an aggravated felony. 560 U.S. at 570. The Supreme Court unanimously rejected that proposal to rely on what could have been. The record of the second conviction included no finding about the first conviction. That distinguished the case from *Rodriquez* and meant that the second conviction did not count as an aggravated felony. *Id.* at 576–78 & n.12.

The Court explained further in *Carachuri-Rosendo* that the aggravated felony determination for federal law had to be based on the record of conviction, not based on what a different prosecutor might have tried to do with a recidivist enhancement. *Id.* at 580–81. In other words, the defendant must "have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Id.* at 582.

The logic of *Carachuri-Rosendo* and *Rodriquez* also shows that the focus must be the punishment legally available at the time of conviction, not the time of charging. Both opinions stressed the facts that recidivist enhancements (a) may not be known at the time of charging and (b) ordinarily must be the subject of formal notice and an opportunity to be heard and must be reflected in the record before they can be used to enhance a sentence. 553 U.S. at 389; 560 U.S. at 572, 576.

The same logic also works for the benefit of a defendant who agrees to plead guilty to a lesser charge. For example, my colleagues and I agree that a defendant who is charged with a low-level felony but who pleads guilty to a serious misdemeanor (maximum sentence of one year) has not been convicted of an offense "punishable" by more than one year in prison. That is so even if he faced more than one year at the time of charging, and even if his actual conduct could have

fully justified a felony conviction and sentence. At the time of conviction, such a defendant was not facing more than one year in prison.

With the proper focus on the maximum sentence legally applicable *to this defendant, on this record, at the time of conviction*, I do not see a sound basis for distinguishing such a plea agreement from this case. At the time of his 2006 conviction, Dozier was not legally subject to a sentence of more than one year.

Our colleagues in other circuits have applied *Rodriquez* and *Carachuri-Rosendo* to mandatory state sentencing guidelines. Their decisions are consistent with my reading of those Supreme Court cases. A consensus is emerging that a maximum penalty set by state sentencing guidelines—as applied to a particular defendant—controls the federal question of what punishment was available. For instance, in *United States v. Pruitt*, 545 F.3d 416, 423 (6th Cir. 2008), the Sixth Circuit interpreted *Rodriquez* to require asking whether "the particular defendant actually faced the possibility of the enhancement." Cases decided since *Carachuri-Rosendo* have continued this approach. See *United States v. Simmons*, 649 F.3d 237, 243 (4th Cir. 2011) (en banc) (prior conviction "punishable" only to extent that mandatory state sentencing guidelines permitted for the particular defendant); *United States v. Haltiwanger*, 637 F.3d 881, 884 (8th Cir. 2011) (same, notwithstanding state's label of prior conviction as "felony"); *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1224 (9th Cir. 2019) (same); *United States v. Brooks*, 751 F.3d 1204, 1211 (10th Cir. 2014) (same, focusing on record of prior conviction); see also *United States v. Lockett*, 782 F.3d 349, 352 (7th Cir. 2015) ("under *Rodriquez*, if state court records do not demonstrate that Lockett actually

faced the possibility of a recidivist enhancement, the 1990 convictions cannot be used as qualifying offenses").

These decisions point in the same direction I would take: focus on the legally available maximum sentence, on the state-court record, at the time of conviction. Take *Simmons*, in which the en banc Fourth Circuit followed *Carachuri-Rosendo* to overrule its prior precedents. See 649 F.3d at 241. North Carolina categorized the predicate offense as a "Class I felony." *Id.* at 240. Depending on a defendant's history and other factors established by state law, the maximum sentence could have been over a year or no time at all. *Id.* at 241. Before *Carachuri-Rosendo*, the Fourth Circuit had used a "worst possible criminal history" approach, imagining how North Carolina would treat the worst recidivist charged with that crime. *Id.* at 241, 246. *Simmons* abandoned this method because *Carachuri* had rejected "considering hypothetical aggravating factors when calculating [the] maximum punishment." *Id.* at 244. Instead, the Fourth Circuit looked at the sentence to which Simmons himself was exposed based on the sentencing factors proved by the state. That sentence was only "community punishment," with no prison at all. *Id.* at 243.

This individualized evaluation cannot happen at the time of charging. The main dissent in *Simmons* pressed this very point: "the aggravated factors need not be part of the indictment or formal charge, nor is the conviction itself different from a conviction for the presumptive (or, indeed, mitigated) offense." *Id.* at 256 (Agee, J., dissenting). But the Fourth Circuit correctly rejected this argument as contrary to *Rodriquez* and *Carachuri-Rosendo*. *Id.* at 243 (majority). In *Rodriquez*, the Supreme Court explained that if state court records "do not show that the defendant faced the possibility of a recidivist

enhancement, it may well be that the Government will be precluded from establishing that a conviction was for a qualifying offense." 553 U.S. at 389. *Carachuri-Rosendo* reiterated this limit on *Rodriquez*: "a recidivist finding could set the 'maximum term of imprisonment,' but only when the finding is a part of the record of conviction." 560 U.S. at 577 n.12; see also, e.g., *Brooks*, 751 F.3d at 1210 (following this limit on *Rodriquez* to overrule circuit precedent).

My colleagues err in concluding that *Simmons* and similar decisions are not relevant here. The majority distinguishes *Valencia-Mendoza*, 912 F.3d at 1216, and *Haltiwanger*, 637 F.3d at 881, on the theory that the lower sentences in those cases were mandated by law, while the use of § 12.44(a) is discretionary. Ante at 10–11. The theory does not stand up to those opinions or the state-court record here. Both *Rodriquez* and *Carachuri-Rosendo* also dealt with decisions by prosecutors that were discretionary at the outset. The prosecutors could decide how to charge the defendants and whether to seek recidivist enhancements. Section 12.44, in both subsections (a) and (b), gives the judge alone or the judge and the prosecutor together discretion to reduce the available sentencing range. But once the judge exercised that discretion in Dozier's 2006 case to accept a binding plea with a § 12.44(a) agreement, the reduced range became as binding for Dozier as the reduced ranges were in *Valencia-Mendoza* and *Haltiwanger* and the other mandatory state-guideline cases.

A prosecutor's choice *after* charging to prove up a recidivist enhancement, which controlled in *Rodriquez*, is just the counterpart to a choice to offer a plea to a misdemeanor or a binding plea for a misdemeanor sentence under § 12.44(a). Under the North Carolina guidelines in *Simmons*, for instance,

"[o]nce the judge identifies the appropriate range . . . he must choose the defendant's minimum sentence from within that range." 649 F.3d at 240; see also N.C. Gen. Stat. § 15A-1340.16(a) ("[T]he decision to depart from the presumptive range is in the discretion of the court."). In other words, a North Carolina judge has an initial and discretionary choice. After the choice is made, though, the sentence is capped as a matter of law. The same is true of the discretion authorized by § 12.44(a) and used in Dozier's binding plea agreement.[2]

Perhaps the Supreme Court meant to establish a one-way ratchet in *Rodriquez*—so that a post-charging recidivist enhancement can raise a maximum sentence but a post-charging, legally binding cap cannot lower it. That seems to be the rule my colleagues implicitly adopt. But that is not consistent with *Carachuri-Rosendo* or the recent decisions of our colleagues in other circuits. Since federal recidivist rules can be governed by the post-charging actions of a state prosecutor to *raise* the legally permissible sentence in an earlier case, I see no reason to disregard similar actions that *lowered* the legally permissible sentence in an earlier case. And since Dozier retained an unqualified right to withdraw his guilty plea if the

---

[2] In fact, the leading Fifth Circuit case analyzing § 12.44(a) emphasized the parallel to mandatory sentencing guidelines. In *United States v. Rivera-Perez*, relied on by the majority, ante at 6–7, the Fifth Circuit said that it was "apply[ing] the essential reasoning" of its decision the previous year in *United States v. Caicedo-Cuero*, 312 F.3d 697 (5th Cir. 2002). See 322 F.3d 350, 352. *Caicedo-Cuero* involved a Texas law that "provided a maximum sentence of two years but mandated that first-offenders should get suspended sentences and probation." *Id.* So while my colleagues seek to draw a sharp line between § 12.44(a) and mandatory sentencing guidelines, their similarities provided the "essential reasoning" of the case the majority relies on.

judge had rejected the misdemeanor punishment under
§ 12.44(a), his 2006 offense was not punishable by more than
one year in prison when he was convicted. That cap was as
legally binding as if Dozier had pleaded guilty to an offense
labeled a misdemeanor. His mandatory minimum sentence in
this case should have been ten years, not twenty.

II. *The Rule of Lenity*

At the very least, we should recognize that the Controlled
Substances Act is ambiguous as applied to Dozier's case. The
phrases "a prior conviction" and "an offense that is punisha-
ble by imprisonment for more than one year" simply do not
dictate the treatment of binding plea agreements to hybrid
convictions under § 12.44(a). To my knowledge, only one
other circuit has examined a plea agreement with a binding
sentencing term after *Carachuri-Rosendo*. A Fourth Circuit
panel also split on the question. See *United States v. Valdovinos*,
760 F.3d 322 (2014); *id.* at 330 (Davis, J., dissenting). As here,
the panel majority sided with the government, declining to
extend the reasoning of *Simmons* to a binding plea agreement.
But Judge Davis's dissent shows room for reasonable disa-
greement on how Congress meant courts to analyze a binding
plea under an unusual statute like § 12.44(a).

I think the better reading is that Dozier's 2006 conviction
should not count under § 841(b), but even if I thought the
proper result were not clear, I would apply the rule of lenity.
The rule of lenity "applies if at the end of the process of con-
struing what Congress has expressed there is a grievous am-
biguity or uncertainty in the statute." *Shaw v. United States*,
137 S. Ct. 462, 469 (2016) (quotations omitted). "When a stat-
ute remains ambiguous even after considering its text,

context, structure, history and purpose, then—and only then—the rule of lenity may apply." *United States v. Marcotte*, 835 F.3d 652, 656 (7th Cir. 2016). "[T]he rule has been applied not only to resolve issues about the substantive scope of criminal statutes, but to answer questions about the severity of sentencing . . . ." *United States v. R.L.C.*, 503 U.S. 291, 305 (1992).

Acknowledging the rule's limited scope, I believe this to be an appropriate case for its application. Section 12.44(a) sets up a hypothetical almost tailor-made to test the boundaries of the increasingly case-specific arithmetic mandated by the Supreme Court in this context. When such a hypothetical presents itself, we should err on the side of lenity because "no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed." *United States v. Santos*, 553 U.S. 507, 514 (2008).

I respectfully dissent. We should reverse and remand for resentencing without the enhancement based on Dozier's 2006 conviction.